FILED
United States Court of Appeals
Tenth Circuit

October 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO MOLINA-PEREYRA,

    Defendant - Appellant.

No. 08-2032
(D.C. No. 07-CR-01250-JB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Francisco Molina-Pereyra pleaded guilty to one count of

reentering the United States after being previously deported following a conviction for an

aggravated felony, in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). The

district court sentenced him to forty-six months' imprisonment. Mr. Molina-Pereyra's

counsel filed a motion to withdraw and an appellate brief pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967). Based on our independent review of the record, *id.* at

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After
examining the briefs and the appellate record, this three-judge panel has determined
unanimously that oral argument would not be of material assistance in the determination
of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

744, we conclude that Mr. Molina-Pereyra's appeal is meritless. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and affirm the conviction and sentence.

## I. BACKGROUND

Because the parties are familiar with the facts, we need not recite them in detail. Mr. Molina-Pereyra was arrested in New Mexico after illegally crossing the United States border with Mexico. He was charged by information with unlawful reentry by a deported alien previously convicted of an aggravated felony. He entered into a plea agreement and pleaded guilty to this offense. Under his plea agreement, Mr. Molina-Pereyra would receive a three-level reduction for acceptance of responsibility and the government would recommend a sentence at the lower end of the Sentencing Guidelines range. Mr. Molina-Pereyra waived his right to appeal any sentence within the applicable Guideline range and imposed in conformity with the plea agreement.

Mr. Molina-Pereyra's Presentence Report (hereinafter "PSR") assigned to him a total offense level of twenty-one. Based on Mr. Molina-Pereyra's prior criminal history, the PSR placed him in a criminal history category III. The resulting Guidelines range was forty-six to fifty-seven months' imprisonment.

Mr. Molina-Pereyra did not object to the PSR. He did ask, however, for a variance, relying on several 18 U.S.C. § 3553(a) factors and stressing in particular the allegedly "minor" nature of his prior aggravated felony, which he said involved the theft of several used tires. R., Vol. I, Doc. 23, at 13 (Sentencing Memorandum, dated Dec. 11,

2

2007); *see* R., Vol. III, Tr. at 6-7, 11 (Tr. of Sentencing Hearing, dated Dec. 19, 2007).

The trial court found no cause for a variance and sentenced Mr. Molina-Pereyra to forty-six months, the bottom of the Guidelines range.

After Mr. Molina-Pereyra timely filed his notice of appeal, his counsel filed an *Anders* brief and a motion to withdraw. Under *Anders*, a court-appointed defense counsel who believes that an appeal would be "wholly frivolous" may withdraw only upon submission of a brief to the client and the court indicating "anything in the record that might arguably support an appeal." *Anders*, 386 U.S. at 744.

Mr. Molina-Pereyra's counsel indicates that Mr. Molina-Pereyra insisted that an appeal be filed because he believed the sentence imposed was too harsh. Mr. Molina-Pereyra's counsel provided Mr. Molina-Pereyra with notice of the *Anders* brief and the request to withdraw. Mr. Molina-Pereyra subsequently filed a supplemental brief, objecting to the length of his sentence and claiming ineffective assistance of counsel, stating that his counsel did not keep him informed of the proceedings and arrived late for the sentencing. The government declined to file an answer brief, noting that it "ha[d] reviewed appellant's opening brief and the record in this case and discern[ed] no meritorious basis for the appeal." [1] No. 08-2032, Doc. No. 01001723672, at 1 (Notice of

---

[1] Although the district court imposed a sentence within the applicable Guidelines range—indeed, at the bottom of the range—given the government's response to Mr. Molina-Pereyra's appeal, we conclude that his appeal is not precluded by his plea agreement appeal waiver. An appeal waiver is not self-executing. The government must affirmatively seek to enforce the waiver. But "the government is accorded flexibility in

(continued...)

3

Intent Not to File Answer Brief, dated June 24, 2008).

## II. DISCUSSION

*Sentencing*

We review a district court's sentencing determination for an abuse of discretion, asking whether the sentence is reasonable in view of the factors identified in 18 U.S.C. § 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 594 (2007) ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). Reasonableness has both procedural and substantive dimensions. *See*

---

[1](...continued)
the form of its request for enforcement." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). When a defendant who has waived his right to appeal nevertheless files a notice of appeal, the government may seek to dismiss the appeal by filing a "Motion for Enforcement of the Plea Agreement." *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004); *see also* 10th Cir. R. 27.2(A)(1)(d). Alternatively, the government can raise the waiver in its answer brief. *United States v. Clayton*, 416 F.3d 1236, 1239 (10th Cir. 2005); *see also* 10th Cir. R. 27.2(A)(3) ("Failure to file a timely motion to enforce a plea agreement does not preclude a party from raising the issue in a merits brief."). The government also can enforce the waiver if it "*explicitly* cites an appeal waiver in a letter to the Court in response to an *Anders* brief." *United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) (emphasis added). However, when the government "utterly neglects to invoke the waiver," it has forfeited the opportunity to enforce it. *Calderon*, 428 F.3d at 930-31. This principle applies even when the defendant's counsel concedes in an *Anders* brief that the appeal is barred. *Id.* at 931 ("The government cannot rely on defense counsel's raising the argument in an *Anders* brief as a substitute for fulfilling its own obligation to seek enforcement of the plea agreement."). In this case, Mr. Molina-Pereyra's counsel filed an *Anders* brief in which he conceded that the appeal was precluded by the plea agreement appeal waiver. Aplt. Br. at 7. In notifying this court of its intent not to file an answer brief, however, the government never mentioned the appeal waiver. Therefore, we find that the government has forfeited its opportunity to enforce the waiver.

*United States v. Hildreth*, 485 F.3d 1120, 1127 (10th Cir. 2007).

Generally speaking, a sentence that reflects a proper Guidelines calculation and application of the § 3553(a) factors is procedurally reasonable. *See United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). "A sentence is substantively reasonable when it 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'" *Id*. (quoting *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States,* 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008)). A sentence falling within a properly-calculated Guideline range is presumed to be substantively reasonable on appeal. *Id.*

Mr. Molina-Pereyra claims only that his sentence is too long – a challenge to its substantive reasonableness. He makes no attempt to overcome the appellate presumption of reasonableness of his within-Guidelines sentence. Based upon our independent review of the record, we are satisfied that his forty-six month, bottom-of-the-range sentence is substantively reasonable.

The sentence reflects both the gravity of Mr. Molina-Pereyra's crime and the § 3553(a) factors. His reentry after being previously deported following a conviction for an aggravated felony is a serious crime. *See United States v. Valenzuela-Puentes*, 479 F.3d 1220, 1226 (10th Cir. 2007) (citing *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002)). His PSR also depicts an extensive criminal background. After reviewing Mr. Molina-Pereyra's motion for a variance and the evidence, the district court saw no reason to deviate from the PSR's recommended Guidelines range. Nothing in the

record suggests that the district court abused its discretion in determining the length of Mr. Molina-Pereyra's sentence.

### *Ineffective Assistance of Counsel*

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Samuels*, 493 F.3d 1187, 1193 (10th Cir. 2007) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995) (en banc)). This rule assures that we review ineffective assistance of counsel claims only when the factual record is fully developed. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). Although we may undertake a review in the rare case where the record is sufficiently developed, *see Samuels*, 493 F.3d at 1193, this is not one of those rare cases. Moreover, even assuming the record was adequately developed, we would be reluctant to undertake review because "[a]n opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand." *Brooks*, 438 F.3d at 1242 (internal quotation marks omitted) (quoting *Galloway*, 56 F.3d at 1240).

### III. CONCLUSION

Our review of the record reveals no facts or circumstances that would render Mr. Molina-Pereyra's sentence substantively unreasonable in light of the § 3553(a) factors. Mr. Molina-Pereyra's claims of ineffective assistance of counsel are premature. Counsel's

motion  to withdraw is **GRANTED** and the conviction and sentence are **AFFIRMED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge

7