**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARL J. HARRIS,

Defendant-Appellant.

No. 09-3076
(D.C. No. 6:04-CR-10081-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

Carl J. Harris, a federal prisoner appearing pro se, has appealed the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. Before this court is the government's motion to enforce the appeal waiver contained in Mr. Harris's plea agreement. We grant the motion.

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pursuant to a 2004 plea agreement, Mr. Harris pleaded guilty to possession of more than fifty grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 235 months of imprisonment, within the advisory guideline range of 188 to 235 months. His plea agreement contains a waiver of his right to appeal and, *inter alia*, to modify his sentence under 18 U.S.C. § 3582(c)(2). This court previously enforced this appeal waiver in Mr. Harris's direct appeal, finding that his appeal was within the scope of the appeal waiver; that he knowingly and voluntarily waived his appellate rights; and that enforcing the waiver would not result in a miscarriage of justice. *United States v. Harris*, No. 05-3036, slip. op. at 2-4 (10th Cir. Sep. 27, 2005) (unpublished order).

Nonetheless, after the Sentencing Guidelines were amended to lower the base offense levels for crack offenses,[1] Mr. Harris filed a § 3582(c)(2) motion requesting that the district court modify his sentence. The district court dismissed his motion on the ground that Mr. Harris was sentenced as a career offender and,

---

[1]    In an "interim measure to alleviate some of [the] problems" with the 100-to-1 quantity ratio applied for crack offenses as compared to powder cocaine offenses, the 2007 amendments to Sentencing Guideline § 2D1.1 (effective November 1, 2007) lowered the base offense levels for crack offenses by two levels. *Notice of Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2007*, 72 Fed. Reg. 28558, 28571-28573 (May 21, 2007). The change means that the base offense levels, which previously were set so that the sentencing ranges fell *above* applicable mandatory minimum terms of imprisonment, were reduced to *include* the mandatory minimums. *See id.* at 28573.

thus, the amendment would not have the effect of lowering his sentence.

Mr. Harris then filed an appeal of that ruling.

On appeal, the government has now moved to enforce the § 3582(c)(2)

waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)

(en banc) (per curiam).[2]  Under *Hahn*, we consider "(1) whether the

disputed [matter] falls within the scope of the waiver . . . ; (2) whether the

defendant knowingly and voluntarily waived his . . . rights; and (3) whether

enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.

### *Within Scope of Waiver*

Mr. Harris's plea agreement specifically states that he waived his right to

"challenge his sentence or otherwise attempt to modify or change his sentence or

manner in which it was determined in any collateral attack, including but not

limited to . . . a motion brought under Title 18, U.S.C. § 3582(c)(2)."  Mot. to

Enforce, Attach. B (Plea Agreement), at 4.  He seeks to appeal the denial of his

§ 3582(c)(2) motion to modify his sentence.  Thus, his appeal is clearly within the

scope of the waiver.

---

[2]      The district court denied the § 3582(c)(2) motion before the government
entered an appearance, thus, the government did not have an opportunity to seek
to enforce the § 3582(c)(2) waiver in the district court.  Accordingly, we do not
consider the government to have waived its right to enforce the plea agreement.
*Cf. United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 n.3 (10th Cir. 2008)
(allowing government to raise enforcement of appeal waiver in its appellate
response brief).

*Knowing and Voluntary Waiver*

Mr. Harris contends his waiver was not made knowingly and voluntarily because he did not know he was waiving the right to challenge career-offender sentencing or a disparity in sentencing issue. He claims his attorney never explained this to him and that he has only an eighth-grade education. In evaluating whether the waiver was knowing and voluntary, we consider "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Harris bears the "'burden to present evidence from the record establishing that he did not understand the waiver.'" *Id.* at 1329 (quoting *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)).

The waiver paragraph in Mr. Harris's plea agreement specifically states that he is waiving the right to file a § 3582(c)(2) motion and states that he entered the waiver knowingly and voluntarily. Plea Agreement at 4. Just before the signature block, Mr. Harris acknowledged that he had discussed the terms of the plea agreement with his attorney; that he understood and accepted the terms free of any threats, duress or coercion; that the agreement embodies all of the agreements and negotiations between the parties; and that he was pleading guilty and signing the plea agreement freely and voluntarily. *Id.* at 6. This language clearly demonstrates that Mr. Harris entered the agreement, including the

§ 3582(c)(2) waiver, knowingly and voluntarily. In addition, in his Petition to Enter a Plea of Guilty, Mr. Harris acknowledged he could be sentenced up to 40 years' imprisonment, the maximum penalty provided by law; that the sentence would be solely a matter within the control of the judge; that the judge would take into account all relevant criminal conduct and criminal history, including prior convictions; and that his guilty plea was made voluntarily. Mot. to Enforce, Attach. C., at 3-7. Again, this language clearly demonstrates that Mr. Harris entered the plea agreement, including the § 3582(c)(2) waiver, knowingly and voluntarily.

During the Rule 11 colloquy, the district court confirmed with Mr. Harris that he knew he could be sentenced to up to 40 years; the court could consider other relevant conduct when determining the sentence; he was waiving his right to appeal or come back later and seek to reopen his sentence, and that if the Sentencing Commission changed the guidelines in the future in a way that would benefit him, he was waiving his right to file a § 3582 motion to lower his sentence; in short, that he was agreeing to "never ask any court anywhere to ever review [his] case." Mot. to Enforce, Attach. D, at 5, 7, 8-9. This colloquy clearly demonstrates that Mr. Harris knowingly and voluntarily waived his right to file a § 3582(c)(2) motion. We conclude that Mr. Harris's waiver of his right to bring a § 3582(c)(2) motion was knowing and voluntary.

*Miscarriage of Justice*

The miscarriage-of-justice prong requires Mr. Harris to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) the waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (quotation omitted). Mr. Harris asserts that race was a factor in his sentencing because he is an African-American who was convicted of a "crack" cocaine offense; thus, enforcing the waiver would result in a miscarriage of justice. He also asserts ineffective assistance of counsel in negotiating the waiver.

Mr. Harris argues his sentence was based on the impermissible factor of race because the 100-to-1 quantity ratio for powder cocaine and crack cocaine, whereby one hundred grams of powder cocaine triggers the same mandatory penalties as one gram of crack, results in racial disparities in sentencing. We acknowledge the serious concerns underlying this argument. The Sentencing Commission has urged Congress to reconsider the 100-to-1 quantity ratio established in the Anti-Drug Abuse Act of 1986, indicating that, among other reasons for amending the quantity ratio, that the ratio more greatly affects African-Americans and creates the perception of racial disparities in sentencing. *See, e.g., U.S. Sentencing Comm'n, Report to the Congress: Cocaine and Federal*

*Sentencing Policy* 102-103 (May 2002) (available at

http://www.ussc.gov/r_congress/02crack/2002crackrpt.httm).

The 100-to-1 quantity ratio was imposed for a number of different reasons, however, none of them race. *See id.* at 90 (listing reasons underlying the 1986 enactment of the 100-to-1 quantity ratio). We conclude that Mr. Harris's sentence did not "rely on" his race. *Cf. United States v. Williamson*, 53 F.3d 1500, 1530 (10th Cir. 1995) ("We have repeatedly rejected each of the arguments necessary to find § 2D1.1 violative of equal protection."). The levels are applied regardless of an offender's race, and Mr. Harris has presented nothing to show that an otherwise similarly-situated offender of a different race would have received a different sentence.

Mr. Harris contends that his attorney was ineffective because he did not explain to him that he was giving up the ability to challenge a disparity in sentencing. Section 3582(c)(2) allows modification of sentences when the Sentencing Commission later lowers a sentencing range. During his Rule 11 colloquy, Mr. Harris expressly told the judge that he *did* understand that he was giving up the right to seek a modified sentence because of an amended Guideline, and that he did understand he was waiving the right to file a § 3582(c)(2) motion, even in such circumstance. Thus, the record does not reveal that counsel was ineffective in connection with the negotiation of the waiver. There is no

indication the § 3582(c)(2) waiver is unlawful or that enforcing it would seriously affect the fairness, integrity or public reputation of judicial proceedings.

Accordingly, the motion to enforce plea agreement is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM