**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHESTER J. GOUDEAU,

      Defendant-Appellant.

No. 10-3132
(D.C. No. 6:06-CR-10213-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Chester J. Goudeau, appearing pro se,[1] challenges the

district court's order denying his motion for sentence reduction pursuant to 18

U.S.C. § 3582(c)(2). Exercising our jurisdiction under 28 U.S.C. § 1291 and 18

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Goudeau is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

U.S.C. § 3742(a), we **affirm**.

## I. Background

Pursuant to a plea agreement, Mr. Goudeau pleaded guilty to one count of possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(A).[2] The plea agreement contained the following language:

> **Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. . . . By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. *The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack*, including, but not limited to, . . . *a motion brought under Title 18, U.S.C. § 3582(c)(2). . . .*

Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) at 5, *United States v. Goudeau*, No. 06-CR-10213-JTM (D. Kan. Jan. 29, 2007), ECF No. 27 (emphasis added) [hereinafter Plea Agreement]. In addition, prior to the district court's acceptance of Mr. Goudeau's guilty plea, he presented to the district court a petition to enter plea of guilty and swore in open court that he made his plea as a result of the plea agreement, freely and voluntarily, and with a full understanding

---

[2]     The government agreed to move to dismiss the remaining counts of the indictment in exchange for Mr. Goudeau's guilty plea. At sentencing, the court granted the government's motion and dismissed the three remaining counts against Mr. Goudeau.

2

of all of the matters related thereto. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the government and Mr. Goudeau jointly proposed a sentence of 216 months. At the sentencing hearing, the parties amended their recommendation to 192 months. The district court accepted the plea agreement and sentenced Mr. Goudeau to 192 months of imprisonment and five years of supervised release. Mr. Goudeau did not file a direct appeal.

On May 5, 2008, Mr. Goudeau filed his first pro se § 3582(c)(2) motion, seeking a sentence reduction under Amendment 706 to the U.S. Sentencing Guidelines Manual ("U.S.S.G."), which reduced the base offense levels for crack cocaine offenses by two levels. The district court denied the motion on January 14, 2009. Mr. Goudeau appealed this denial. We remanded the case, instructing the district court to dismiss it based on a lack of jurisdiction because Mr. Goudeau's sentence had been imposed as a result of a binding plea agreement under Rule 11(c)(1)(C) and therefore was not based on a sentencing range. *See United States v. Goudeau*, 341 F. App'x 400, 402–03 (10th Cir. 2009) (citing *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996)). The district court complied with that order and dismissed Mr. Goudeau's case for a lack of jurisdiction on September 15, 2009.

In light of our decision in *United States v. Cobb*, 584 F.3d 979 (10th Cir. 2009), *reh'g en banc granted*, 595 F.3d 1202 (10th Cir.), *reh'g en banc vacated and judgment reinstated*, 603 F.3d 1201 (10th Cir. 2010), where we held that a

3

"district court has authority to reduce sentences imposed pursuant to Rule 11 pleas where . . . the sentence was based *at least in part* on the then-applicable sentencing range," *id.* at 985 (emphasis added), Mr. Goudeau filed his current motion for reduction. Explaining that he was "in the same position" as Mr. Cobb, Mr. Goudeau "request[ed] the benefit of a two point deduction in light of Amendment 706." R., Vol. I, at 27 (Mot. for Reduction of Sentence Pursuant to § 3582(c)(2), filed Dec. 2, 2009).

In response, the government argued that Mr. Goudeau's case was factually distinguishable from *Cobb* because Mr. Goudeau's sentence "was not 'tied to the guidelines at every step,' as the Tenth Circuit found in *Cobb*." *Id.* at 36 (Gov't's Resp. to Def.'s Second Mot. for Reduction of Sentence, filed Jan. 11, 2010) (citing *Cobb*, 584 F.3d at 984). Specifically, the government pointed to the provision of the plea agreement which stated: "'The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.'" *Id.* (quoting Plea Agreement at 3–4). In the alternative, the government argued that if the district court found that it had jurisdiction to consider Mr. Goudeau's motion, the district court nonetheless should dismiss the motion because Mr. Goudeau had waived any right to seek modification of his sentence under § 3582(c)(2).

4

Finding Mr. Goudeau's sentence to be at least partially based on the Guidelines, the district court held that it had jurisdiction to address Mr. Goudeau's motion. Nonetheless, the district court denied the motion, explaining that his "plea agreement includes a statement waiving the right to attack the sentence in a § 3582(c)(2) motion." *Id.* at 45 (Mem. & Order, filed May 17, 2010). Using the three-pronged test for determining the validity of waivers in plea agreements from *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), the district court concluded: "After a review of the record, including the plea agreement and the petition to enter a guilty plea, the court finds both [Mr. Goudeau]'s guilty plea and his agreement to waive appeal of the conviction and sentence were made knowingly, freely and voluntarily." R., Vol. I, at 45. In addition, the district court explained that Mr. Goudeau "ha[d] not set forth specific facts indicating that his counsel was ineffective in advising [him] regarding the proposed plea agreement and waiver." *Id.* Indeed, the court noted that Mr. Goudeau did not even make an "allegation . . . that he received ineffective assistance of counsel in negotiating the waiver." *Id.* at 46. Thus, the district court denied Mr. Goudeau's § 3582(c)(2) motion. This appeal followed.

## II. Analysis

We review de novo whether plea-agreement waivers that encompass appeals or other post-sentence proceedings are enforceable. *See United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 & n.4 (10th Cir. 2008). We assess the

5

validity of such waivers under the three-pronged analysis set forth in *Hahn*, 359 F.3d at 1325. *See Ibarra-Coronel*, 517 F.3d at 1221; *see also United States v. Harris*, 336 F. App'x 783, 785–86 (10th Cir. 2009) (per curiam) (applying *Hahn* analysis to evaluate enforceability of a § 3582(c)(2) waiver); *United States v. Frierson*, 308 F. App'x 298, 299–302 (10th Cir. 2009) (same). Accordingly, we must determine (1) whether the disputed proceeding falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his right to engage in the proceeding, and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325; *see also United States v. Vidal*, 561 F.3d 1113, 1118 (10th Cir.) (applying the *Hahn* test), *cert. denied*, 130 S. Ct. 221 (2009).

On appeal, Mr. Goudeau argues that "[t]he district court lacked authority to bar [him] . . . from later receiving the benefit under §3582(c)(2) from any future retroactive amendments to the guidelines that were not in effect at the time of the initial plea agreement." Aplt. Opening Br. at 3. As we have recounted, the relevant portion of his plea agreement reads: "The defendant also waives any right to . . . attempt to modify or change his sentence . . . in any collateral attack, including, but not limited to, . . . a motion brought under Title 18, U.S.C. § 3582(c)(2) . . . ."[3] Plea Agreement at 5.

_____

[3] Relying on the Fifth Circuit's decision in *United States v. Cooley*, 590 F.3d 293 (5th Cir. 2009) (per curiam), Mr. Goudeau contends that the district

(continued...)

Mr. Goudeau acknowledges that he "waive[d] his right to file [a] § 3582 [motion]"; however, he argues that "it is unclear from the written Plea agreement whether this included any future retroactive amendments to the United States Sentencing Guidelines." Aplt. Opening Br. at 3–3(a). This argument reflects a fundamental misunderstanding of the nature of a § 3582 motion: its very purpose is to give defendants, if they meet the statutory requirements, the benefit of retroactive amendments to the Guidelines. *See* 18 U.S.C. § 3582(c)(2). Therefore, by waiving his right to file a motion brought pursuant to § 3582, Mr. Goudeau necessarily waived his right to initiate a sentence-modification proceeding due to "future retroactive amendments to the United States Sentencing Guidelines." Thus, Mr. Goudeau's motion clearly falls within the scope of the waiver in his plea agreement.

Combining the last two *Hahn* prongs, Mr. Goudeau also argues for the first

---

[3](...continued)
court did not have the "authority" to enforce the waiver against him because he "waived his right to seek modification of his sentence under § 3582 . . . under a *general* appeal waiver." Aplt. Opening Br. at 3(f) (emphasis added). *Cooley*, however, is patently inapposite; most significantly, the "general waiver" in *Cooley* was silent concerning proceedings under § 3582. 590 F.3d at 296–97. Here, of course, § 3582 proceedings are expressly included in the waiver. Accordingly, *Cooley* does not speak to this situation. *Cf. United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003) ("[T]he plea agreement did not explicitly state that Defendant was waiving his right to bring a later motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Had the agreement contained such language, or language suggesting that Defendant waived the right 'to attack collaterally or otherwise attempt to modify or change his sentence,' we would likely find that Defendant had waived his right to bring the instant motion."). Mr. Goudeau's reliance on *Cooley* accordingly is misplaced.

7

time on appeal that his waiver of his right to seek modification under § 3582 was not knowingly and intelligently made due to the ineffective assistance of counsel. Mr. Goudeau contends that his attorney was ineffective because he did not explain to Mr. Goudeau that he was giving up the ability to seek modification of his sentence if the Sentencing Commission subsequently lowered his sentencing range by a retroactive amendment.

We decline to reach this late-blooming argument. Absent a showing of extraordinary circumstances, we have regularly held that arguments raised for the first time on appeal are waived. *See, e.g.*, *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721–22 (10th Cir. 1993) (stating that "we have consistently refused invitations to consider new issues on appeal" and "we have consistently turned down the argument that the raising of a related theory was sufficient"). Mr. Goudeau has made no showing of extraordinary circumstances; therefore, his argument is waived.

Mr. Goudeau also makes a separate contention under the third prong of *Hahn*. Specifically, he argues that the district court's failure to address the merits of his § 3582(c)(2) motion resulted in a miscarriage of justice. However, Mr. Goudeau did not present this argument to the district court; nor has he made a showing on appeal of extraordinary circumstances to justify his failure to do so.

8

Therefore, we also treat this argument as waived. *See, e.g.*, *Turner*, 563 F.3d at 1143.

Finally, Mr. Goudeau argues that the government has forfeited its right to enforce his § 3582(c)(2) waiver because it did not file a motion to enforce before us. Mr. Goudeau is correct that we ordinarily require the government to file a motion to enforce when the government seeks to enforce a defendant's waiver of *appellate* rights. *See Hahn*, 359 F.3d at 1328. However, our practice in this regard does not avail Mr. Goudeau here, where the focus is on whether Mr. Goudeau is barred from seeking § 3582 relief.

A § 3582(c)(2) motion is one that should be directed to the district court. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (discussing the limited circumstances under which a district court may modify a defendant's sentence pursuant to § 3582(c)(2)). Therefore, the district court is the place where, to avoid forfeiture, the government is obliged to assert that the defendant waived the right to bring such a motion. And, in this case, the government did precisely that. *See* R., Vol. I, at 37; *cf. Harris*, 336 F. App'x at 785 n.2 (refusing to consider the government's right to enforce the plea agreement as forfeited, where the district court denied the § 3582(c)(2) motion before the government entered an appearance). Therefore, the government has not forfeited its right to enforce Mr. Goudeau's § 3582(c)(2) waiver.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court's order denying

Mr. Goudeau's § 3582(c)(2) motion.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge