FILED
                                               United States Court of Appeals
                                                        Tenth Circuit

                                                     **March 26, 2013**

UNITED STATES COURT OF APPEALS      **Elisabeth A. Shumaker**
                                                  **Clerk of Court**

                            TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CARL R. KIRKLEY,

      Defendant-Appellant.

No. 12-3051
(D.C. No. 6:11-CR-10097-JTM-1)
(D. Kan.)


## ORDER AND JUDGMENT[*]


Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.


      Defendant-Appellant Carl R. Kirkley pleaded guilty to being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Mr. Kirkley filed a

timely notice of appeal.  We are addressing Mr. Kirkley's appeal under the

---

     [*]     This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

analytical framework established by *Anders v. California*, 386 U.S. 738 (1967).[1]

For the reasons that follow, we **affirm** the judgment and sentence of the district

court. We also grant the motion to withdraw of Mr. Kirkley's counsel.

## I

Mr. Kirkley was charged in a one-count superseding information for being

a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). He entered into a plea agreement with the government whereby he

pleaded guilty to the one-count superseding information. Notably, the plea

agreement included the parties' joint recommendation of a forty-eight month term

of imprisonment and a waiver of Mr. Kirkley's appellate rights.

Mr. Kirkley submitted a single objection to the Presentence Investigation

Report ("PSR"), contesting the PSR's conclusion that he possessed a sawed-off

shotgun, but he recognized that "if the Court accepts the parties' joint

recommendation [for a forty-eight month sentence], the calculation of the total

offense level will not affect the sentence." R., Vol. I, at 128 (Sentencing Mem.,

filed Feb. 14, 2012). The district court accepted the parties' joint sentencing

recommendation and sentenced Mr. Kirkley to forty-eight months' imprisonment

---

[1]     By way of summary, the Supreme Court held in *Anders* that, if
defense counsel determines that his client's appeal is "wholly frivolous," counsel
must inform the court, request permission to withdraw, and also submit "a brief
referring to anything in the record that might arguably support the appeal." 386
U.S. at 744.

and three years of supervised release.

Shortly thereafter, Mr. Kirkley's defense counsel moved to withdraw as counsel and asked the district court clerk to file a notice of appeal on Mr. Kirkley's behalf, noting that Mr. Kirkley wished "to file an appeal based upon what appears to be ineffective assistance of counsel and prosecutorial misconduct." *Id.* at 137 (Mot. for Withdrawal of Counsel, filed Feb. 21, 2012). Following a hearing on the matter, the district court granted the motion, appointed substitute counsel for Mr. Kirkley, and ordered the clerk to file a notice of appeal on Mr. Kirkley's behalf.

## II

Again, we are addressing Mr. Kirkley's appeal under the analytical framework established by *Anders*. Pursuant to that framework, Mr. Kirkley's counsel filed an *Anders* brief that set forth the potential issues for appeal and requested permission to withdraw. Mr. Kirkley filed a response to the *Anders* brief.

Our discussion proceeds by first addressing the potential issues identified in the *Anders* brief. Next, we briefly examine whether Mr. Kirkley entered into his guilty plea knowingly and voluntarily. Finally, we conclude by addressing Mr. Kirkley's response to the *Anders* brief, which does not address the issues raised in the *Anders* brief.

**A**

Turning first to the *Anders* brief, it raises three potential issues: (1) whether Mr. Kirkley waived substantially all of his appellate rights in his plea agreement; (2) whether Mr. Kirkley's sentence was procedurally and substantively reasonable; and (3) whether Mr. Kirkley can bring an ineffective assistance of counsel claim on direct appeal. We address each of these issues in turn.

**1**

By the terms of his plea agreement with the government, Mr. Kirkley waived nearly all of his appellate rights. Counsel, in the *Anders* brief, reasons that this appellate waiver forecloses Mr. Kirkley from raising on appeal all but the two types of claims that fall outside of the waiver's scope—*viz.*, claims of prosecutorial misconduct and ineffective assistance of counsel. This is so, says counsel, because the record demonstrates that our three-factor test used to determine whether an appeal will be dismissed based on an appellate waiver has been met. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (explicating the three-factor test). In particular, counsel tacitly indicates that this appeal does not implicate any non-frivolous claims involving the two areas that fall outside the waiver's scope. Aplt. *Anders* Br. at 13 ("[T]his appeal falls within the scope of the appeal waiver.").

The three factors we assess are: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant

-4-

knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325; *accord United States v. Salas-Garcia*, 698 F.3d 1242, 1254–55 (10th Cir. 2012) (applying the three-part test from *Hahn*); *United States v. Cudjoe*, 634 F.3d 1163, 1164–67 (10th Cir. 2011) (same).

Although a good case could be made that the three *Hahn* factors are met in this case, the government has forfeited its right to enforce the appellate waiver by not raising it on appeal. The government filed a letter in our court stating only that it "will not be filing a response brief unless requested to do so by the Court." Letter, at *1 (Letter from Gov't to Tenth Circuit Clerk, dated July 11, 2012). This is insufficient to invoke Mr. Kirkley's appellate waiver, thus any right to enforce it is forfeited. *See United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) (refusing to enforce an appellate waiver not raised by the government, even though "defense counsel has filed an *Anders* brief noting the [appeallate] waiver," and noting that "[t]he government cannot rely on defense counsel's raising the argument in an *Anders* brief as a substitute for fulfilling its own obligation to seek enforcement of the plea agreement"); *see also United States v. Coates*, 483 F. App'x 488, 497 (10th Cir. 2012) ("Because the government did not file a motion invoking the waiver under Tenth Circuit Rule 27.2(A)(1)(d), did not file a brief invoking the waiver, and did not explicitly cite the appeal waiver in its letter to the Court, the waiver has not been invoked, and the government has

-5-

forfeited its right to enforce it."); *United States v. Molina-Pereyra*, 296 F. App'x 641, 643 n.1 (10th Cir. 2008) ("In notifying this court of its intent not to file an answer brief, . . . the government never mentioned the appeal waiver.  Therefore, we find that the government has forfeited its opportunity to enforce the waiver."). Accordingly, Mr. Kirkley's appellate waiver does not foreclose any of his claims on appeal.

**2**

As addressed in the *Anders* brief, it does not appear that Mr. Kirkley has any non-frivolous bases to challenge his sentence.  The district court calculated Mr. Kirkley's U.S. Sentencing Guidelines range to be fifty-seven to seventy-one months, but ultimately followed the parties' joint sentencing recommendation in the plea agreement, sentencing Mr. Kirkley to forty-eight months' imprisonment.

Sentencing challenges come in two forms—*viz.*, challenges to the procedural reasonableness or the substantive reasonableness of the district court's sentence.  "Procedural reasonableness focuses on whether the district court erred in 'calculating or explaining the sentence.'"  *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)).  Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) (internal quotation marks omitted).

No procedural errors are apparent from the record. The district court calculated the Guidelines range and clearly did not treat the Guidelines as mandatory. Further, the district court, albeit succinctly, considered the § 3553(a) factors and stated that the forty-eight month sentence was "sufficient but not greater than necessary to meet sentencing purposes." R., Vol. II, at 256 (Hr'g Tr., held Feb. 16, 2012). To the extent that Mr. Kirkley could assert procedural error with respect to the PSR's recitation of relevant conduct—given that such conduct was the subject of his sole objection to the PSR—Mr. Kirkley recognized in his sentencing memorandum that "if the Court accepts the parties' joint recommendation [for a forty-eight month sentence], the calculation of the total offense level will not affect the sentence." *Id.*, Vol. I, at 128. And the court did just that.[2]

As to substantive reasonableness, any error in this respect was invited. *See*

---

[2]    In his sentencing memorandum, Mr. Kirkley requested that the district court "rule on the disputed facts . . . or find that a ruling is not necessary because the matter will not affect sentencing or be considered by the Court in sentencing." R., Vol. I, at 129. The district court followed Mr. Kirkley's request; it noted Mr. Kirkley's objection to the inclusion of certain conduct in the PSR, but stated: "I'll tell you right now that I intend to follow the parties' recommendation on sentencing in this case, so it's not going to have any impact on [Mr. Kirkley's] sentence . . . [so] I need not rule on it." *Id.*, Vol. II, at 255.

*United States v. Mancera-Perez*, 505 F.3d 1054, 1059 (10th Cir. 2007) ("When the appellate argument for a lower sentence was not raised at any time before the district court, and when, to the contrary, the defendant affirmatively endorses the appropriateness of the length of the sentence before the district court, we conclude that if, there was error, it was invited and waived."); *see also Coates*, 483 F. App'x at 497 ("In light of this plea agreement [that contained a twenty-year stipulated sentence], we hold that [the defendant's] sentencing challenges necessarily must fail because any error by the district court in setting the length of the sentence at twenty years was invited."). Just as in *Mancera-Perez*, not only did Mr. Kirkley not object to the length—i.e., substantive reasonableness—of his sentence before the district court, he affirmatively endorsed its substantive reasonableness by entering into a plea agreement in which he agreed to a forty-eight month sentence.

**3**

To the extent that Mr. Kirkley wishes to pursue an ineffective assistance of counsel claim, he cannot pursue it on direct appeal. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). And this is true "even if the record appears to need no further development . . . so the reviewing court can have the benefit of the district court's

views." *Id.*

We will, however, consider an ineffective assistance of counsel claim on direct appeal if "the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). Here, neither of these circumstances exist. While the district court was made aware of Mr. Kirkley's desire to raise an ineffective assistance of counsel claim on appeal, Mr. Kirkley did not present such a claim to the district court for adjudication; instead, the alleged ineffectiveness was put before the district court as the justification for the motion to withdraw of Mr. Kirkley's initial counsel.

Second, at the hearing on the motion to withdraw, Mr. Kirkley expressed that he "was rushed in to [sic] signing the plea" and that he did not know "that this relevant conduct stuff was going to be added to try to boost up the [offense level] points." R., Vol. II, at 266–67 (Hr'g Tr., held Feb. 29, 2012). Given the abbreviated nature of these allegations, a record will need to be developed regarding how Mr. Kirkley was allegedly rushed into signing his plea agreement and what off-the-record conversations Mr. Kirkley had with his counsel regarding the plea agreement and the relevant conduct found in the PSR. Ineffective assistance of counsel claims based on such allegations "require[] precisely the type of factual determinations contemplated by *Galloway*, which are beyond the scope of the record on direct appeal." *United States v. Avelar*, 80 F.3d 430, 431

(10th Cir. 1996).  Accordingly, any ineffective assistance of counsel claim that Mr. Kirkley desires to raise must be presented in a collateral proceeding.[3]

**B**

Although not directly raised in the *Anders* brief, our independent examination of the record reveals that there is no basis for a challenge to the validity of Mr. Kirkley's guilty plea.  For a guilty plea to be valid, it must be entered into knowingly and voluntarily.  *See United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011) ("If a guilty plea is not knowing and voluntary, it is void."); *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000) ("[A] plea is valid if it represents a voluntary and intelligent choice among the alternatives open to the defendant.").  The record demonstrates that Mr. Kirkley entered his guilty plea knowingly and voluntarily.  The plea agreement itself, signed by Mr. Kirkley, states that he

> has had sufficient time to discuss th[e] case, the evidence, and this agreement with [his] attorney and . . . is fully satisfied with the advice and representation provided by [his] counsel.  Further, [he] acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion . . . .  [He] acknowledges that [he] is entering into this agreement and is pleading guilty because [he] is guilty and is doing so freely and voluntarily.

---

[3]      Although Mr. Kirkley's trial counsel informed the district court that Mr. Kirkley sought to appeal based on ineffective assistance of counsel *and* prosecutorial misconduct, neither his appellate counsel nor Mr. Kirkley has raised a prosecutorial misconduct claim on appeal.  Further, our independent review of the record does not reveal any basis for such a claim.

R., Vol. I, at 122–23 (Plea Agreement, filed Dec. 1, 2011). Furthermore, following a lengthy plea hearing during which the district court explained to Mr. Kirkley the rights he was waiving by pleading guilty and ensured that his counsel had discussed those rights with him, Mr. Kirkley pleaded guilty, and the district court found that he did so knowingly and voluntarily.

## C

Turning finally to Mr. Kirkley's response to the *Anders* brief, it provides no non-frivolous grounds for appeal, nor addresses any of the issues already discussed. Instead, the essence of his response is two-fold. First, he argues that he was in some way misinformed or misled by his counsel. *See, e.g.*, Resp. to *Anders* Br. at 2 ("The Defendant was not informed of the nature of the accusation."); *id.* (stating that "Defense Counsel advised [Mr. Kirkley] to waive [the indictment, amounting to] a total miscarriage of justice").[4] We construe these allegations as an ineffective-assistance-of-counsel claim, which, as discussed *supra*, must be brought in a collateral proceeding.

Second, Mr. Kirkley contends that the district court lacked jurisdiction. *See, e.g.*, *id.* at 1 ("[T]he Court, Prosecutor, Defense Counsel and Counsel for the Appellant, intentually [sic] concealed the jurisdiction or nature of the

---

[4] We note that Mr. Kirkley signed a waiver of indictment before the district court after the court had thoroughly explained to him the rights he was waiving by doing so.

accusation."); *id.* at 2 ("The Court lacked subject matter jurisdiction and cannot accept a plea nor can the Court hand down judgment."); *id.* at 3 ("[T]he Court lacks subject matter jurisdiction and can not and must not proceed."). However, the district court clearly had jurisdiction pursuant to 18 U.S.C. § 3231, which provides district courts with jurisdiction over "all offenses against the laws of the United States."

## III

Having conducted a thorough, independent examination of the record, we can confidently conclude that there are no non-frivolous issues to present on appeal. Therefore, we **AFFIRM** the district court's judgment and sentence.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge