**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYREECE F. GRAY,

    Defendant - Appellant.

No. 15-3126
(D.C. No. 2:11-CR-20131-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Tyreece Gray appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). After he and the government reached a plea agreement and submitted it for the district court's consideration under Federal Rule of Criminal Procedure 11(c)(1)(C), the district court sentenced Gray to the agreed term of imprisonment. Gray now argues that he is entitled to the benefit of Amendment 782 to the Sentencing Guidelines because his sentence was imposed for a non-violent drug offense. He also argues that the district court erred in denying his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 3582(c)(2) motion based on its finding at sentencing that he qualified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1. We vacate the district court's denial with instructions to dismiss Gray's motion for lack of jurisdiction.

## BACKGROUND

In December 2011, Gray sold marijuana to a confidential informant while carrying a firearm. Police officers arrested Gray and later discovered several kilograms of marijuana at his house. In January 2012, the government secured a superseding indictment, adding drug and firearm charges beyond the originally charged felon-in-possession-of-a-firearm count.

Gray agreed to plead guilty to two of the charges in the indictment: conspiracy to maintain a drug-involved premises and to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). The parties entered a plea agreement under Rule 11(c)(1)(C), where the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines . . . or sentencing factor does or does not apply . . . ."

Gray and the government proposed a sentence of 60 months for the drug-conspiracy count and a consecutive 60 months for the firearm count. The parties also stated that, "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline

2

sentence." R. vol. I at 29. The agreement also included a section where Gray "waive[d] any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to . . . a motion brought under Title 18, U.S.C. § 3582(c)(2) . . . ." R. vol. I at 34.

The district court accepted Gray's guilty plea, accepted the plea agreement, and sentenced Gray to the parties' agreed-upon sentence. The district court noted that it imposed a sentence outside the advisory Guidelines under a binding plea agreement. In pleading guilty, Gray avoided application of U.S. Sentencing Guidelines Manual § 4B1.1(c), the career-offender provision for which Gray qualified based on his criminal history. Had Gray not entered the plea agreement, his advisory Guidelines range for the drug-conspiracy count would have been 262–327 months.

In March 2015, notwithstanding his plea-agreement waiver, Gray filed a motion for a reduction of sentence under § 3582(c)(2). He argued he was entitled to benefit from Amendment 782 to the Guidelines, which "reduces by two levels the [base] offense levels assigned" to certain drug-trafficking offenses. U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Accordingly, Gray asked the district court to reduce his 60-month sentence on the drug-conspiracy count.

Without waiting for the government to respond, the district court denied Gray's motion. The district court noted that it had "sentenced defendant as a career offender." R. vol. I at 50. Because career offenders are not eligible for § 3582(c)(2) relief, the district court concluded that Gray was not entitled to benefit from

3

Amendment 782. Gray appealed.[1] Because Gray proceeds pro se on appeal, we construe his pleadings liberally. *United States v. Pinson*, 584 P.3d 972, 975 (10th Cir. 2009).

## DISCUSSION

We review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for an abuse of discretion.[2] *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). Section 3582(c)(2) permits a district court to modify a sentence where it sentenced a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Unless the basis for resentencing falls within one of the specific categories

---

[1] Gray filed his notice of appeal after the filing deadline. The district court granted Gray leave to file his notice of appeal out-of-time.

[2] We note that, in his plea agreement, Gray expressly waived the ability to file § 3582(c)(2) motions. But the government has not asserted the waiver. Generally, the government must assert a plea-agreement waiver to the district court. *See United States v. Goudeau*, 390 F. App'x 814, 818 (10th Cir. 2010) (unpublished). To be sure, we do not consider forfeited the government's right to enforce the waiver when the district court denies a § 3582(c)(2) motion before the government enters an appearance or has an opportunity to seek to enforce the waiver. *Id.*; *United States v. Harris*, 336 F. App'x 783, 785 n.2 (10th Cir. 2009) (unpublished). But here the government filed a response brief on appeal without seeking to enforce the waiver. Even if the government had no opportunity to seek to enforce the waiver before the district court, it remains obligated to assert the waiver on appeal in order to seek its enforcement. *See United States v. Kirkley*, 520 F. App'x 644, 646 (10th Cir. 2013) (unpublished). Thus, the government has forfeited any opportunity to enforce the § 3582(c)(2) waiver. *See United States v. Coates*, 483 F. App'x 488, 497 (10th Cir. 2012) (unpublished) ("Because the government did not file a motion invoking the waiver under Tenth Circuit Rule 27.2(A)(1)(d), did not file a brief invoking the waiver, and did not explicitly cite the appeal waiver in its letter to the Court, the waiver has not been invoked, and the government has forfeited its right to enforce it.").

4

authorized by section 3582(c), the district court lack[s] jurisdiction to consider [a defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

Gray pleaded guilty under a Rule 11(c)(1)(C) plea agreement, which permits the government and a defendant to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." In *Freeman v. United States*, 131 S. Ct. 2685, 2690–2700 (2011), the Supreme Court addressed whether a Rule 11(c)(1)(C) sentence is one "based on a sentencing range" that the Sentencing Commission subsequently lowered. The Court reached a splintered decision with Justice Sotomayor deciding on a narrower ground than a plurality of the court.[3] *Id.* at 2690. Thus, Justice Sotomayor's concurrence "represents the Court's holding" because it was "the narrowest grounds of decision." *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013). *See also Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.))). Justice Sotomayor concluded that a sentence imposed under a Rule 11(c)(1)(C) plea is "based on" the Guidelines when

---

[3] The plurality concluded that all defendants who enter into Rule 11(c)(1)(C) agreements (necessarily specifying a particular sentence or sentence range as a condition of the guilty plea) are eligible for relief under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2692–95. Four Justices dissented and would have concluded that no prison term imposed under a Rule 11(c)(1)(C) agreement is ever eligible for § 3582(c)(2) relief. *Id.* at 2701, 2703 (Roberts, C.J., dissenting).

the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission . . . ." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring).

Justice Sotomayor identified two situations where a prisoner may qualify for a reduced sentence under § 3582(c) despite being sentenced under a Rule 11(c)(1)(C) plea agreement. The first situation occurs when the Rule 11(c)(1)(C) plea agreement calls "for the defendant to be sentenced within a particular Guidelines sentencing range." *Id.* at 2697. In that limited circumstance, we know "that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.* The second situation occurs when the plea agreement provides "for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* If that sentencing range is evident from the plea agreement itself, the agreed term of imprisonment that the court imposes is "based on" a Guidelines range.[4] *Id.* at 2697–98.

---

[4] The court sitting en banc previously reached a similar conclusion when addressing a situation like the second situation from *Freeman*. *See United States v. Cobb*, 584 F.3d 979, 983 (10th Cir. 2009) (holding that § 3582(c)(2) relief was available where "Defendant's sentencing disposition [under the prior version of Rule 11(c)(1)(C)] was tied to the guidelines at every step" and, "perhaps most importantly, the parties' negotiations and the stipulated sentence focused on the later-lowered sentencing range"), *opinion and judgment reinstated*, 603 F.3d 1201, 1201–02 (10th Cir. 2010) (en banc) (Mem.).

Gray's sentence was not based on a Guidelines sentencing range. Instead, the plea agreement required a 60-month sentence for the drug-conspiracy conviction—a term of imprisonment disconnected from the advisory range for the drug count by itself or for the drug count with the career-offender enhancement. Simply put, the agreement does not refer to a proposed sentence "within a particular Guidelines sentencing range." *Id.* at 2697. Gray cannot avail himself of § 3582(c)(2) because his sentence does not fall under either of the two *Freeman* situations.

Even so, Gray argues that the district court erred in denying a § 3582(c)(2) reduction by incorrectly stating that Gray was sentenced as a career offender. We are unconvinced. The Presentence Investigation Report (PSR) declares that Gray was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (and Gray didn't object on that point). And as the PSR noted, Gray's drug conviction (rendering him a career offender) combined with his § 924(c) conviction would have left him with an advisory Guidelines range of 262-327 months. *See* U.S. Sentencing Guidelines Manual § 4B1.1(c).

Indeed, in evaluating the Rule 11(c)(1)(C) plea agreement, the district court found exactly that. Although Amendment 782 retroactively[5] reduces base-offense levels corresponding to the same weight of controlled substances listed in U.S. Sentencing Guidelines Manual § 2D1.1, it has no effect on sentences like Gray's—those calculated by applying § 4B1.1, the career-offender guideline. *See United States v.*

---

[5] *See* USSG Supp. App. C, amend. 788 (2014); *United States v. Gay*, 771 F.3d 681, 683 n.1 (10th Cir. 2014).

*Thomas*, 775 F.3d 982, 982 (8th Cir. 2014) (stating that amendment 782 "did not lower the sentencing range established for a career offender by § 4B1.1"); U.S. Sentencing Guidelines Manual Supp. App. C, at 74 (2014) (stating that "guideline enhancements for offenders who . . . are repeat or career offenders[] ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences").

In summary, Gray is not eligible for relief under § 3582(c)(2) because the district court sentenced him to a specific, agreed-upon sentence that was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As such, the district court had no jurisdiction to reduce Gray's sentence under § 3582(c)(2), and the district court should have dismissed Gray's motion for lack of jurisdiction instead of denying it on the merits. *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Burks*, 301 F. App'x 781, 782 (10th Cir. 2008) (unpublished).

## CONCLUSION

We remand to the district court with instructions to dismiss Gray's § 3582(c)(2)

motion for lack of jurisdiction. We grant Gray's motion for leave to proceed *in forma pauperis* on appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge