**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis Edward ZIELKE, Defendant–Appellant.**

**No. 04–10564.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2005.[*]

Decided Nov. 17, 2005.

Melinda Haag, U.S. Attorney's Office, San Francisco, CA, for Plaintiff–Appellee.

Richard Zimmer, Anderson & Zimmer, Oakland, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

646

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM **

Dennis Edward Zielke appeals the district court's denial in part of his motion to modify the conditions of his supervised release. We affirm.

Zielke agreed in his plea agreement that the district court could determine the conditions of his supervised release. He made no objection to those conditions at the time of sentencing. Further, he waived the right to appeal or collaterally attack his sentence, which includes the conditions of supervised release, *United States v. Joyce*, 357 F.3d 921, 924 (9th Cir.2004), and in fact did not appeal his sentence on any ground, including illegality. The conditions thereby became settled obligations subject to modification only in accordance with the terms of 18 U.S.C. § 3583(e)(2). *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir.2002). Section 3583(e)(2) confers no authority on a district court to modify the terms or conditions of supervised release for illegality. *Id.* Nothing in the district court's ruling altered, or increased the severity of, Zielke's supervision; it simply kept the terms and conditions imposed at sentencing in place. *Cf. United States v. Davidson*, 246 F.3d 1240 (9th Cir.2001) (vacating a new condition imposed during the term of supervised release at the request of the Probation Office as illegal). Zielke cannot skirt his waiver, or § 3583(e)(2), by collaterally attacking a condition once it has ripened into effect upon his release from custody. Of course, he may seek to modify or reduce the conditions if his circumstances change so as to render the previously imposed conditions inappropriate under the factors referred to in § 3583(e)(2) and set out in 18 U.S.C. § 3553(a), but he may not use § 3583(e)(2) "as a backdoor to challenge the legality of a sentence." *Gross*, 307 F.3d at 1044 (quoting *United States v. Miller*, 205 F.3d 1098, 1101 n. 1 (9th Cir. 2000)).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

