# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3951

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Michael Goodwin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 21, 2010
Filed: August 20, 2010

_____

Before RILEY, Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Goodwin appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) sentence-reduction motion based on Amendment 706 to the United States Sentencing Guidelines. We remand to the district court.

In 2001, Goodwin was charged in two counts of a ten-count indictment with conspiring to possess with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base (Count I), and possessing with intent to distribute more than 50 grams of cocaine base (Count VII). Goodwin pleaded guilty to Count I, and the government agreed to dismiss Count VII at sentencing. In his non-binding plea agreement, Goodwin stipulated that he was responsible for 15-50 kilograms of

cocaine, "including relevant conduct," resulting in a base offense level of 34. The plea agreement also listed nine events that took place during the drug conspiracy in which cocaine or cocaine base was recovered, and stated that these events could be considered relevant conduct. The agreement did not indicate how the total amount of cocaine was calculated. The presentence report (PSR) recited the same incidents listed in the plea agreement, asserting that they represented Goodwin's relevant conduct; stated "[i]n summary" that Goodwin was responsible for 15-50 kilograms of cocaine; and, using the 2000 edition of the Guidelines, recommended a base offense level of 34 for 15-50 kilograms of cocaine. See U.S.S.G. § 2D1.1(a)(3). At sentencing Goodwin disputed his accountability for the nine incidents listed in the PSR, but the district court overruled the objection, finding he had expressly agreed that they would be considered relevant conduct, and he had stipulated that he was responsible for 15-50 kilograms of cocaine.

In April 2008, Goodwin filed the instant section 3582(c)(2) motion arguing that a sentence reduction was warranted by Amendment 706, which reduces the base offense level for offenses involving cocaine base. Goodwin argued that his base offense level included the incidents of relevant conduct, and he asked the court to take judicial notice that his sentence was for cocaine base. The district court denied the motion, stating that Goodwin had stipulated he was responsible for 15-50 kilograms of cocaine, resulting in a base offense level of 34, and that he was sentenced based on his stipulation. On appeal, we requested supplemental briefs addressing whether the drug amount to which the parties stipulated was reached in part by converting the cocaine base described in the incidents of relevant conduct to cocaine using the 100:1 ratio, and if so, whether Goodwin was entitled to a sentence reduction. Goodwin argues that his sentence was based on such a conversion, and thus he is entitled to a reduction. The government argues that Goodwin waived his right to appeal the denial of his section 3582 motion by agreeing to a general appeal waiver in his plea agreement, and that Goodwin was not held responsible for the cocaine base because there was no evidence he had personal contact with cocaine base.

We first reject the government's contention that Goodwin's appeal is barred by the general appeal-waiver provision in his plea agreement. See United States v. Cooley, 590 F.3d 293, 296-97 & n.11 (5th Cir. 2009) (per curiam) (agreeing with other circuits that have "uniformly held" that waiver of rights to appeal and file postconviction proceedings does not prohibit review of § 3582(c)(2) motion). Further, on the record before us, it is unclear whether Goodwin's stipulation was based in part on the amounts of cocaine base included in the incidents of relevant conduct. Although the government argues that the quantity was based on "an overall assessment of activities of the conspirators," the government did not specify any cocaine transactions which could account for the stipulated quantity. Thus, we believe remand to the district court is appropriate for findings of fact as to the calculation for the quantity of drugs. If the stipulated quantity included cocaine base, the district court should consider whether Goodwin is entitled to a reduction based on Amendment 706, as modified by Amendments 711 and 715.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____