FILED
United States Court of Appeals
Tenth Circuit

December 28, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Appellee,<br><br>v.<br><br>RANDELL DAVID LONJOSE,<br><br>   Defendant-Appellant, | No. 11-2042 |

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:06-CR-01979-JCH-1)**
_____

Brian A. Pori, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Andrea W. Hattan, Assistant United States Attorney, (Kenneth J. Gonzales, United States Attorney for the District of New Mexico, with her on the brief), Las Cruces, New Mexico, for Plaintiff-Appellee.
_____

Before **HARTZ, HOLMES**, Circuit Judges, and **EAGAN**, District Judge.[*]

_____

**EAGAN**, District Judge.

_____

_____

[*]The Honorable Claire V. Eagan, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

Defendant-Appellant Randell David Lonjose pleaded guilty to one count of engaging in a sexual act with a minor in Indian Country, in violation of 18 U.S.C §§1153 and 2243(a), and was sentenced to 51 months in prison followed by three years of supervised release. As part of his plea agreement, Defendant waived his right to appeal his sentence. The United States Probation Office (USPO) later filed an *ex parte* petition seeking to modify Defendant's conditions of supervised release to include two additional special conditions. On appeal, Defendant contends that the district court erred in granting the USPO's motion as to one condition. Defendant argues that the condition prohibiting him from having contact with any child under the age of 18 without prior written permission of his probation officer is overly broad because it intrudes on his right to freely associate with his family and lacks compelling justification. In response, the government argues that the appellate waiver contained in Defendant's plea agreement deprives this court of jurisdiction to hear this appeal.

We hold that the appellate waiver in Defendant's plea agreement does not preclude the filing of this appeal and we have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's imposition of the challenged condition of supervised release, and remand for further proceedings as to the scope of the condition so that it reasonably relates to Defendant's offense.

I.     BACKGROUND

In December 2005, the Federal Bureau of Investigation (FBI) was informed

by the Pueblo of Zuni that Defendant, who was 22 years of age at the time, had sexually assaulted an underage female. After conducting an investigation, the FBI learned that Defendant had been engaged in a sexual relationship for approximately two months with a girl between the ages of 12 and 16.[1] The girl told FBI agents that she had consented to the sexual encounters, but that she "let [Defendant] have sex with her so that they could remain friends." Defendant admitted to having sex with the girl four times, but stated that he believed she was at least 17 years old, although she had never told him her age.

On September 13, 2006, a grand jury returned an indictment charging Defendant with four counts of sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. §§ 1153 and 2243(a). On January 18, 2007, a magistrate judge conducted a plea hearing pursuant to Fed. R. Crim. Proc. 11, at which Defendant was placed under oath. The court addressed Defendant directly, informed him of his rights, and confirmed that he understood the terms of his plea agreement. The plea agreement contained a provision entitled "Waiver of Appeal Rights," which stated, in part, that "the Defendant knowingly waives the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction." The magistrate judge noted on the record that Defendant had waived "certain [of his] appellate rights" and asked Defendant whether he had discussed

---

[1] There is some discrepancy in the record as to the girl's exact age at the time of the incidents. However, the district court found that the girl was 12 years old at the time she engaged in sexual relations with Defendant.

this provision with his attorney.  Defendant stated that he had.  Defendant pleaded guilty to count one of the indictment, and the magistrate judge accepted that plea. Counts two, three and four of the indictment were subsequently dismissed.

The district court held a sentencing hearing on April 26, 2007.  In preparation for the sentencing hearing, the probation office submitted a presentence report in compliance with Fed. R. Crim. Proc. 32, which the defendant was given time to review prior to the hearing.  After reviewing the presentence report and hearing from the parties, the district court sentenced Defendant to 51 months in prison followed by three years of supervised release. The district court stated that Defendant must comply with the "standard conditions of supervised release and . . . the standard sex offender conditions adopted by the District of New Mexico on February 6, 2007."  The district court specifically listed three mandatory conditions of supervised release and four special conditions of supervised release with which Defendant would be required to comply.  The listed conditions did not include any restriction of Defendant's contact with minors.  At the conclusion of the hearing, the district court stated that "[t]he Court finds that pursuant to the plea agreement, the defendant waives the right to appeal the final sentence imposed by this court under 18 U.S.C. 3742(a)."

The district court entered judgment on April 30, 2007.  The judgment set forth Defendant's plea of guilty to count one of the indictment and the sentence

pronounced by the court at the sentencing hearing. The judgment listed three mandatory conditions of supervised release, 22 standard conditions, and five special conditions with which Defendant would be required to comply. The judgment did not include a condition prohibiting or limiting Defendant's contact with minors.

On December 30, 2010, approximately one week before Defendant was due to complete his prison sentence, the USPO filed an *ex parte* petition seeking to modify Defendant's conditions of supervised release to include the following two additional special conditions: (1) that Defendant reside at and complete a program at a residential re-entry center for a period of up to six months; and (2) that Defendant not have contact with children under the age of 18 without prior written permission of his probation officer. The district court conducted a hearing on the USPO's petition on January 4, 2011, at which Defendant and his counsel appeared. During the hearing, Defendant's counsel stated that Defendant had no objection to the first additional special condition proposed by the USPO requiring Defendant to reside at and complete a program at a residential re-entry center. However, Defendant did object to the second additional special condition restricting his contact with children under the age of 18.

During the hearing, a probation officer informed the district court that the probation officer who had prepared the presentence report had intended to include, in the original sentence recommended, the condition restricting contact

-5-

with minors, but had inadvertently omitted it. The district court deferred ruling on the imposition of this condition and allowed the parties to brief the issue of whether the district court had the authority to modify the conditions of supervised release at that stage in the proceedings.

The district court continued the hearing to February 3, 2011, at which time Defendant again appeared with counsel. During this hearing, the district court concluded that it had authority to modify the conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2), which states, in part, that a court may:

> modify, reduce, or enlarge the conditions of supervised
> release, at any time prior to the expiration or termination
> of the term of supervised release, pursuant to the
> provisions of the Federal Rules of Criminal Procedure
> relating to the modification of probation and the
> provisions applicable to the initial setting of the terms
> and conditions of post-release supervision . . . .

Defendant's counsel argued that, even if the court had authority to modify the conditions of supervised release, the condition prohibiting contact with minors was not justified in this case and unreasonably infringed on Defendant's right to familial association, including his right to see his six year old son.

After hearing from the parties and the probation officer, the district court granted the petition to add the supervised release condition that Defendant not have contact with minors without prior written permission of his probation officer. An order imposing the condition was entered on February 4, 2011. Defendant timely appealed.

## II.    ANALYSIS

Before reaching the merits of Defendant's argument that the district court erred in granting the motion to modify the conditions of supervised release, we must address the government's contention that Defendant has waived his right to bring this appeal.

### A.    Defendant's Waiver of Appellate Rights

Defendant's plea agreement contained a provision entitled "Waiver of Appeal Rights," which stated in its entirety that "[t]he Defendant is aware that federal law affords a Defendant the right to appeal the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction."

Defendant maintains that this waiver applies only to Defendant's ability to appeal the original sentence imposed by the district court. Therefore, Defendant argues, because this appeal does not challenge the original sentence imposed, but rather challenges the district court's subsequent modification of that sentence pursuant to 18 U.S.C. § 3583, the waiver is not applicable. The government contends we must dismiss the appeal because the waiver bars any manner of appellate review.[2]

---

[2]  The government's failure to file a separate motion to dismiss the appeal and enforce the waiver does not preclude it from raising the issue in its merits brief. *See* 10th Cir. R. 27.2(A); *see also United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221, n.3 (10th Cir. 2008).

Whether a defendant's appellate waiver as set forth in a plea agreement is enforceable is a question of law we review *de novo*.  *See Ibarra-Coronel*, 517 F.3d at 1221.  "A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable."  *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001) (internal quotation marks and citations omitted); *see also United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) ("This court will hold a defendant to the terms of a lawful plea agreement.").

We construe a defendant's plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea."  *United States v. Veri*, 108 F.3d 1311, 1313 (10th Cir.1997).  Defendant's waiver of his right to appeal his sentence is to be construed narrowly. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003).

This Court will enforce a defendant's appellate waiver so long as:  (1) the disputed issue falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  Because we find that the scope of Defendant's waiver does not include the present appeal, we do not address the second and third factors.

In determining a waiver's scope, "any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights."

*Id.* (citing *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)). In this case, the waiver states that Defendant waives "the right to appeal any sentence" within the statutory range.[3] We must determine whether "sentence" refers only to the original sentence pronounced by the district court at the sentencing hearing and memorialized in the judgment, as Defendant argues, or whether it additionally encompasses a subsequent modification of that sentence, as the government argues. To answer this question, it is helpful to examine the procedures by which a sentence is imposed, and the appellate rights associated therewith absent a waiver, in order to determine what Defendant would have reasonably understood his waiver to encompass when he entered his plea. *Veri*, 108 F.3d at 1313.

The procedures for sentencing and judgment in a criminal case are governed by Rule 32 of the Federal Rules of Criminal Procedure. Rule 32 requires that, prior to sentencing, the probation officer conduct an investigation and submit a report to the district court, which includes *inter alia*, a statement of the sentencing range and kinds of sentences available. *See* Fed. R. Crim. P. 32(c)-(d); *see also* 18 U.S.C. § 3552(a). The district court is then required to conduct a sentencing hearing at which the court must, *inter alia*: (i) verify that defendant and his attorney have had an opportunity to review the presentence report; (ii) provide defendant's attorney an opportunity to speak on defendant's

---

[3] We have held, and the parties do not dispute, that conditions of supervised release are part of the Defendant's sentence. *See United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007).

behalf; and (iii) address the defendant personally and permit him to speak. *See* Fed. R. Crim. P. 32(i). Following the sentencing hearing, the district court must enter a judgment of conviction that sets forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. *See* Fed. R. Crim. P. 32(k). Rule 32 further provides that, after sentencing, the district court "must advise the defendant of any right to appeal the sentence." Fed. R. Crim. P. 32(j)(1)(B).

A defendant's right to appeal his sentence is governed by 18 U.S.C. § 3742(a), which allows a defendant to appeal a "final sentence" only in certain circumstances.[4] The defendant must file a notice of appeal "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).[5]

---

[4] In its entirety, 18 U.S.C. § 3742(a) states:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence -- (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

[5] Fed. R. App. P. 4(b)(1) states that, when the government is entitled to appeal, it must file its notice of appeal within 30 days of the entry of the judgment. Thus, if the government files a notice of appeal on day 30, a defendant could have up to 44 days

Thus, the time limit on defendant's right to appeal his sentence begins to run at the moment the district court enters its judgment of conviction containing the sentence. *See United States v. Green*, 405 F.3d 1180, 1188, n.8 (10th Cir. 2005) ("time period for filing a notice of appeal [under Rule 4(b)] begins on the day a judgment is entered on the criminal docket"); *see also Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497, 103 L. Ed. 879 (1989) (stating that a criminal conviction does not become an appealable final judgment until "after conviction and imposition of sentence"). If a defendant does not appeal that sentence within 14 days of its entry, or within 14 days of the government's notice of appeal, the appeal will be dismissed. *See United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004).[6]

The law is clear that a defendant forfeits the right to appeal the judgment if he does not file a notice of appeal within the statutory time provided. Thus, there is a distinct "right to appeal," which comes into existence when the judgment of conviction is filed and expires after 14 days (or up to 44 days if the government appeals). We conclude that it is this distinct right to appeal that a defendant

before his time to file a notice of appeal expires.

[6] A district court may extend the time to file a notice of appeal upon a finding of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4). Failure to file a timely notice of appeal pursuant to Fed. R. App. P. 4(b) is not "mandatory and jurisdictional," but is an "inflexible claim-processing rule[]." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). "Nevertheless, the time bar in Rule 4(b) must be enforced by this court when properly invoked by the government." *Id.*

would reasonably understand he is waiving with a generic appellate waiver such as the one in this case.

This conclusion is supported by the fact that modification of a sentence in most circumstances can be accomplished only by means of separate post-conviction proceedings. Once the judgment of conviction has been entered, a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). *See also United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L. Ed. 2d 805 (1979) ("once a sentence has been imposed, the trial judge's authority to modify it is also circumscribed").

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment once it has been imposed except: (1) in certain circumstances upon motion of the Director of the Bureau of Prisons; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;"[7] and (3) in cases where the applicable

---

[7] Fed. R. Crim. P. 35(a) empowers a district court to, within 14 days after sentencing, "correct a sentence that resulted from arithmetical, technical, or other clear error." The court's authority to correct a sentence under this subdivision "was intended to be very narrow and to extend only to those cases in which an obvious error or mistake had occurred." *Green*, 405 F.3d at 1185 (citing Fed. R. Crim. P. 35, Advisory Committee Notes on 1991 Amendments). The 14 day time limit is jurisdictional. *Green*, 405 F.3d at 1185. Similarly, Fed. R. Crim. P. 36 provides that, upon notice, a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." We have previously held that this Rule

sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.SC. § 3582(c). When a district court rules on a motion pursuant to § 3582(c), a defendant is entitled to appeal that ruling despite the fact that his time to appeal his original sentence, as imposed at sentencing and memorialized in the judgment of conviction, has expired. *See, e.g., United States v. McGee*, 615 F.3d 1287 (10th Cir. 2010) (allowing appeal of order denying motion to modify sentence pursuant to § 3582(c) despite fact that time to appeal original sentence had expired); *United States v. Terrell*, 608 F.3d 679 (10th Cir. 2010) (same); *United States v. Corber*, 596 F.3d 763 (10th Cir. 2010) (same). This means that a post-conviction modification of a term of imprisonment under § 3582(c) creates a new right of appeal that is separate from the defendant's right to appeal his original sentence.

Modification of conditions of, and revocation of, supervised release are governed by 18 U.S.C. § 3583(e). Section 3583(e) provides that in certain circumstances a district court may terminate, extend, or revoke a term of supervised release. In addition, the district court:

> may modify, reduce, or enlarge the conditions of
> supervised release, at any time prior to the expiration or
> termination of the term of supervised release, pursuant

---

allows correction of only non-substantive errors, and does not "give the court authority to substantially modify a Defendant's sentence." *Blackwell*, 81 F.3d at 949. However, Rule 35(b) permits a district court to reduce a sentence upon motion by the government where the defendant has provided substantial assistance in investigating or prosecuting another person. *See* Fed. R. Crim. P. 35(b).

> to the provisions of the Federal Rules of Criminal
> Procedure relating to the modification of probation and
> the provisions applicable to the initial setting of the
> terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2).  Supervised release conditions are set at sentencing as part of the original sentence, and are encompassed within the right to appeal under 18 U.S.C. § 3742(a). Because a modification of supervised release conditions pursuant to § 3583(e)(2) is subject to the "provisions applicable to the initial setting of the terms and conditions" of supervised release, a modification of conditions is subject to a right to appeal under § 3742.  Thus, similar to a modification of a term of imprisonment under § 3582, post-conviction proceedings pursuant to § 3583[8] create a right of appeal that is separate from a defendant's right to appeal his original sentence.  The revocation and termination of supervised release are also treated as separate post-conviction proceedings that provide a separate right to appeal.  *See, e.g.*, *United States v. McBride*, 633 F.3d 1229 (10th Cir. 2011) (allowing appeal of order revoking supervised release pursuant to § 3583 despite fact that time to appeal original sentence had expired);*United States v. Hammonds*, 370 F.3d 1032 (10th Cir. 2004) (same); *United States v. Rose*, 185 F.3d 1108 (10th Cir. 1999).

The language of Defendant's appellate waiver in this case does not include

---

[8] Fed. R. Crim. P. 32.1 provides that, before a court may revoke or modify the terms of supervised release, it must hold a hearing.  The defendant is entitled to attend the hearing with counsel and be heard by the court.  Thus, a modification or revocation of supervised release cannot occur absent a separate post-conviction proceeding.

waiver of the separate right to appeal a modification of the term of imprisonment or a condition of supervised release.  Construing Defendant's waiver narrowly and against the government, as we are required to do, we find that the waiver of "the right to appeal any sentence" can reasonably be understood to encompass only a waiver of the right to appeal the sentence that is imposed at sentencing and memorialized in the judgment of conviction.[9]

This analysis is in keeping with this court's prior holding in *United States v. Chavez-Salais*, 337 F.3d 1170 (10th Cir. 2003).  In *Chavez-Salais*, the defendant entered a plea agreement stating that he "waives the right to appeal any sentence" and "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack." *Id.* at 1172.  Subsequent to his sentencing, the defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment based on an amendment to the sentencing guidelines.  The court held that the appeal of the denial of his § 3582(c)(2)

---

[9] We do not intend this holding to apply where a plea agreement includes more precise language describing the rights waived by the defendant.  More comprehensive, detailed, and unambiguous appellate waivers have been held to preclude appeals of sentence modifications or collateral attacks on sentences. *See, e.g., United States v. Bell*, 437 Fed. Appx. 658 (10th Cir. 2011) (unpublished) (holding that defendant waived right to bring § 2255 motion where waiver stated that she waived right to "[a]ppeal or collaterally challenge her guilty plea, sentence and restitution imposed, and any other aspect of her conviction . . . ."); *United States v. Goudeau*, 390 Fed. Appx. 814 (10th Cir. 2010) (unpublished) (holding that defendant waived right to file motion for modification under § 3582 where waiver stated that "defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack . . . .").

motion did not fall within the scope of the defendant's waiver because the waiver "did not explicitly state that Defendant was waiving his right to bring a later motion to modify his sentence . . . ." *Id.* at 1173. This court further held that the appeal of the ruling on a § 3582(c)(2) motion "does not so much challenge the original sentence as it seeks a modification of the sentence based upon the amendment in the Guidelines." *Id.* This reasoning is equally applicable to the present case. Defendant's waiver does not explicitly state that he waives his right to appeal a later modification of his sentence. Nor does Defendant's appeal challenge the original sentence; rather, it challenges a modification of that sentence.

Other circuits that have considered this question have similarly found that a general waiver of defendant's appellate rights does not encompass a later appeal of a ruling on a motion to modify the term of imprisonment under § 3582. *See United States v. Vega,* 241 F.3d 910, 912 (7th Cir. 2001) (despite the broad language of the defendant's appellate waiver, it did not encompass her right to appeal the amended judgment because "the parties expected the term 'sentence' to include only the events of the January 24 sentencing hearing . . . and not any later attempt by the court to amend [defendant's] sentence . . . ."); *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) ("We join those circuits which hold that a motion for sentence modification under 18 U.S.C. § 3582(c)(2) is not properly considered an "appeal" or "collateral proceeding" under the terms of a

-16-

general waiver of appeal . . . ."); *United States v. Thompson*, 417 Fed. Appx. 429, 431 (5th Cir. 2011) (unpublished) (holding that appellate waiver did not encompass appeal of "the district court's authority, under 18 U.S.C. § 3582(c) and Rule 35(a) of the Federal Rules of Criminal Procedure, to modify a previously imposed sentence"); *United States v. Goodloe*, 388 Fed. Appx. 500, 503 (6th Cir. 2010) (unpublished) (holding that waiver of "right to appeal any sentence" did not encompass appeal of ruling on § 3582 motion because "a § 3582 motion is not an attack on the original sentence"); *United States v. Goodwin,* Fed. Appx. 417, 419 (8th Cir. 2010) (unpublished) ("We first reject the government's contention that [defendant's] appeal [of a ruling on a § 3582 motion] is barred by the general appeal-waiver provision in his plea agreement."); *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (holding that waiver barring defendant's "right under 18 U.S.C. § 3742 'to appeal the sentence . . . imposed'" did not bar waiver of right to appeal denial of § 3582(c)(2) motion); *United States v. Strachan*, 319 Fed. Appx. 774, 776 (11th Cir. 2009) (unpublished) (holding appeal of decision on § 3582(c)(2) motion was not barred where "the language of the waiver is unclear as to whether it covers the appeal of a new sentence imposed pursuant to § 3582(c)(2)").

One of our sister circuits has specifically held that a general appellate waiver will not bar appeal of an order on a motion to revoke or modify conditions of supervised release brought pursuant to § 3583, *see United States v. Carruth*,

-17-

528 F.3d 845, 846 (11th Cir. 2008), and a panel of another has similarly ruled, *see*

*United States v. Zielke*, 154 Fed. Appx. 645, 646 (9th Cir. 2005) (unpublished).[10]

For the reasons discussed above, a defendant's waiver of the right to appeal

"any sentence" encompasses only the right to appeal the original sentence

imposed at sentencing and memorialized in the judgment, and does not encompass

the right to appeal a sentence modification pursuant to § 3583(e)(2). This appeal

is outside the scope of Defendant's waiver, and we turn to the merits.

## B.    Condition of Supervised Release

Defendant argues that the condition of supervised release limiting his

contact with minors is overly broad and infringes on his right to familial

association with his 6 year old son and other minor male relatives.  The

_____

[10] During oral argument, the government argued for the first time that a generally worded appellate waiver would always bar a defendant's appeal of an order revoking supervised release, citing *United States v. Sines,* 303 F.3d 793 (7th Cir. 2002).  However, we do not believe that *Sines* stands for such a proposition.  There, the defendant appealed the district court's order on the revocation motion to the extent it imposed two conditions of supervised release.  As to the first condition, the Seventh Circuit found that the condition imposed at the revocation hearing was substantially the same as a condition imposed at the original sentencing, and was merely being reiterated by the district court. *Id.* at 797-800.  Because Sines had waived his right to appeal the original sentence, the court held that "[h]is attempt to dress his collateral attack [on the original sentence] in the clothing of a modification of supervised release must fail." *Id.* at 799.  Thus, the Seventh Circuit did not hold that any appeal of an order on a revocation motion is barred by a general appellate waiver.  Instead, the court merely held that the waiver prevented defendant from appealing the terms of the original sentence regardless of the procedural posture of the motion or appeal.  Similarly, a panel of the Third Circuit has held that a defendant's general appellate waiver would prevent him from bringing a § 3583 motion to terminate supervised release where the motion merely sought to challenge the term of supervised release imposed at the original sentencing. *See United States v. Laine*, 404 Fed. Appx. 571 (3d Cir. 2010) (unpublished).

government argues that the condition is reasonably related to Defendant's offense and is not overly broad, in that it still allows Defendant to have contact with his family with the advance permission of his probation officer.

We review the district court's imposition of special conditions of supervised release for abuse of discretion. *See United States v. Wayne*, 591 F.3d 1326, 1331 (10th Cir. 2010). Conditions of supervised release must be "linked to the offense and be no broader than necessary to rehabilitate the defendant and protect the public." *United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010). The conditions imposed must:

> (1) be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant and (2) involve no greater deprivation of liberty than is reasonably necessary given the needs to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Hahn*, 551 F.3d at 983 (internal quotations omitted). The district court is required to provide "at least generalized reasons for imposing special conditions of supervised release." *Smith*, 606 F.3d at 1283.

We have previously held that a defendant has a fundamental right of familial association. *Smith*, 606 F.3d at 1283-84. Where a condition of supervised release interferes with that right, compelling circumstances must be present to justify the condition. *Id*. at 1284. A district court abuses its discretion

-19-

where it imposes such a condition in the absence of a record that "unambiguously support[s] a finding" that the defendant is a danger to his own family members. *Id.*

When it imposed the special condition at issue here, the district court relied on the fact that the Defendant had been convicted of sexual abuse of a minor. The district court also cited the fact, contained in the presentence report, that Defendant had previously had a sexual relationship with another 12 year old girl, which had resulted in the birth of Defendant's son. Thus, the district court found that "given the nature and the circumstance of the . . . crime of conviction . . . it does appear that it's an appropriate condition." The district court further stated that "I will ask Probation to please keep a close eye on this issue so that at the earliest opportunity that Mr. Lonjose can have contact with his own child or family members, that he be allowed to do that sooner, rather than later."

We find that the record in this case and the facts relied on by the district court do not present the compelling circumstances necessary to justify a condition of supervised release that limits the Defendant's contact with his son and other minor male family members. Defendant's conviction was based on sexual encounters with an underage female. The additional evidence relied on by the district court in imposing the condition was similarly of improper sexual conduct with an underage female. There is absolutely no evidence in the record indicating that Defendant is a danger to underage boys. Thus, there is no compelling need to

interfere with Defendant's fundamental right of familial association as it pertains to male relatives, and the breadth of the condition imposed here is an abuse of discretion.

We do not find the district court's exhortation that the probation officer "keep a close eye" on the situation sufficient to mitigate the interference in familial association. Nor does it lessen the interference that Defendant is entitled to contact with his son if he gets advance permission from his probation officer. While these provisions may allow Defendant to have some contact with his son, there is still an impermissible infringement of Defendant's ability to freely associate with his family.

## III.   CONCLUSION

For the foregoing reasons, we REVERSE the district court's imposition of the condition of supervised release limiting Defendant's contact with his underage male relatives, and we REMAND for further proceedings as to the scope of the condition so that it reasonably relates to Defendant's offense.