**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DECORY DANYAYLE WILLIAMS,

      Defendant - Appellant.

No. 13-6147
(D.C. No. 5:04-CR-00081-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **HOLLOWAY,** and **MATHESON**, Circuit Judges.

      DeCory Danyayle Williams appeals from the district court's order modifying his

conditions of supervised release.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a),[1] we affirm.

---

      * After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

Mr. Williams and his girlfriend, Tiffone Southwell, were involved in the sex trade.

They pled guilty to driving a minor female from Oklahoma to Florida for the purpose of

prostitution, in violation of 18 U.S.C. § 2423(a).  The district court sentenced Mr.

Williams to 120 months in prison and three years of supervised release with standard and

special conditions.  Those conditions included that

> the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
>
> [* * *]
>
> The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer.  This assessment and treatment may include a polygraph to assist in planning and case monitoring. . . .
>
> [* * *]
>
> The defendant shall comply with any applicable sex offender registration statute, state or federal, in effect at the time of release from incarceration for any jurisdiction in which the defendant may reside.

ROA, Vol. 1 at 35-36.

After serving his prison sentence, Mr. Williams registered as a sex offender in

February 2013 and commenced supervised release.  In May 2013, pursuant to his

conditions of release, Mr. Williams submitted to a polygraph examination.  Before the

examination, Mr. Williams disclosed he had talked with Ms. Southwell on the telephone.

---

[1] *See United States v. Lonjose*, 663 F.3d 1292, 1300 (10th Cir. 2011) ("[A] modification of conditions is subject to a right to appeal under § 3742.").

During the examination, he admitted to viewing pornographic movies on five or six occasions and visiting a strip club on two occasions since his release.

As a result of these disclosures, the U.S. Probation Office petitioned the district court to modify Mr. Williams's conditions of supervised release and impose additional restrictions. The petition alleged that when Mr. Williams called Ms. Southwell, he violated the condition that he not associate with any person convicted of a felony. The petition also alleged that Mr. Williams's use of pornography and visits to strip clubs interfered with his sex offender treatment and prevented him from successfully reintegrating into society, in part because prostitution is often prevalent at strip clubs. Finally, the petition requested an order that Mr. Williams submit to warrantless searches based on reasonable suspicion.

Two witnesses testified at the hearing on the petition. Brock Johns, Mr. Williams's probation officer, testified that the warrantless searches condition was needed to ensure Mr. Williams did not possess pornography. He also testified this condition has been imposed on others who have been involved in the sex trade.

Valerie Lewis, who proctored Mr. Williams's initial sex offender mental health assessment and recommended sex offender treatment, testified that Mr. Williams's treatment was designed to "try[] to destroy cognitive distortions and thinking errors that led to the sex offense" such as "[t]hought processes that objectify sex, objectify women, [and] just any thought processes that are against the norm that were a part of [his]

offending behavior." ROA, Vol. 2 at 38-39. She further testified that use of pornography and visits to strip clubs could undermine Mr. Williams's sex offender treatment.

The district court found Mr. Williams violated his release conditions by talking with Ms. Southwell. It determined additional conditions were needed "to protect the public" and "to aid[ Mr. Williams's] treatment and supervision." ROA, Vol. 1 at 43. The court imposed the following additional conditions:

> 1. The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment;
> 2. The defendant shall not enter any establishment where nudity in combination with erotic dancing is the primary method of entertainment or for sale; and
> 3. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any probation officer in the lawful discharge of the officer's supervision functions.

*Id.* The district court, speaking to Mr. Williams, explained why the additional conditions were needed:

> [Y]ou have been . . . viewing pornography. You're visiting strip clubs. Given your criminal history, I can't think that's good, and I can't think there's anything good that's going to come of it.
> I believe that the imposition of these conditions not only is appropriate to assist in your treatment, as both witnesses have testified, but it's also appropriate to keep you from associating with the people who are going to lead you down the wrong path once again. It's going to keep you from re-offending in the way that you did this time by being around women who are willing to be objectified.

> I just think the government has shown by well more than a preponderance of the evidence that these conditions are necessary, both for your treatment and for your continued success on supervision.

ROA, Vol. 2 at 54.

Mr. Williams appeals the district court's imposition of these additional conditions.

## II. **DISCUSSION**

The issue is whether the district court abused its discretion when it imposed the additional conditions of supervised release. We hold it did not and affirm.

### A. *Standard of Review*

Mr. Williams challenges the substantive reasonableness of the additional conditions of supervised release. We review for abuse of discretion. *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011). We reverse "only if the sentence, in light of the sentencing factors referenced in 18 U.S.C. § 3583(e), was an abuse of discretion because it was 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Dunbar*, 718 F.3d 1268, 1282 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 808 (2013) (quoting *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 319 (2012)).

### B. *Legal Standard*

Under 18 U.S.C. § 3583, the district "court may, after considering the factors set forth in [§ 3553(a),] . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . ."

*Id.* Although "[d]istrict courts have broad discretion to prescribe special conditions of release," that discretion is not unlimited. *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). One limit is the conditions must be reasonably related to at least one of the following § 3553(a) factors: the nature and circumstances of the offense, the defendant's history and characteristics; the deterrence of criminal conduct; the protection of the public from further crimes of the defendant; or the defendant's educational, vocational, medical, or other correctional needs. *See id.*; *see also* 18 U.S.C. § 3553(a).

## C. *Analysis*

Mr. Williams argues that the new conditions are not reasonably related to any of the above factors. He asserts he is not a typical sex offender because, as his brief states, he is a "former pimp[]." Aplt. Br. at 10. He contends the sex offender treatment he receives is therefore not tailored to him; instead, his treatment is the same as for all other sex offenders. He argues that because the new conditions of supervised release are designed for treatment that does not apply to him, the district court abused its discretion. We disagree.

Barring pornography and strip clubs to Mr. Williams is reasonably related to Mr. Williams's criminal activity in prostitution (offense and history factors), deterring him from such activity (deterrence factor), and facilitating his treatment (correctional needs factor). Whether or not (1) he is a typical sex offender, or (2) his treatment is tailored to him, the district court explained that, in addition to "assist[ing] in [his] treatment," the

conditions are "appropriate to keep [him] from . . . re-offending in the way that [he] did this time by being around women who are willing to be objectified." ROA, Vol. 2 at 54. We agree and discern no abuse of discretion.

The warrantless search condition is reasonably related to deterrence. Mr. Williams's probation officer testified that this condition would help ensure Mr. Williams does not possess pornography and is consistent with how other comparable offenders are supervised. Moreover, Congress has authorized district courts to impose this special condition upon sex offenders: warrantless searches based on reasonable suspicion. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(d)(7)(C). Finally, this court has upheld a condition imposing both warrantless and *suspicionless* searches on a sex offender—more onerous than the condition here—because it would prevent recidivism by deterring criminal conduct. *See United States v. Hanrahan*, 508 F.3d 962, 971 (10th Cir. 2007). We conclude the district court reasonably exercised its discretion.

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's order modifying Mr. Williams's conditions of supervised release.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge