FILED
United States Court of Appeals
Tenth Circuit

December 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEONID SHIFRIN,

    Defendant - Appellant.

No. 16-1345
(D.C. No. 1:10-CR-00215-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Leonid Shifrin appeals from a district court order denying his motion to

modify a condition of supervised release. We have jurisdiction under 28 U.S.C.

§ 1291, see United States v. Lonjose, 663 F.3d 1292, 1299-1300 (10th Cir. 2011),

and affirm.

**I**

Shifrin pled guilty to one count of filing a false income tax return. He was

sentenced to eighteen months' imprisonment, to be followed by one year of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release. He was also ordered to pay restitution of $873,340. The restitution order provided that "[a]ny unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release," with monthly installment payments to "be calculated as at least 10 percent of the defendant's gross monthly wages."

In December 2015, after Shifrin served his prison term, the district court revoked his supervised release and sentenced him to six months' imprisonment to be followed by six additional months of supervised release. The revocation order states that if restitution is required, "it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment." The attached schedule of payments simply states: "The defendant shall pay the outstanding balance of the restitution in the amount of $868,520.00."

Shifrin filed a motion to reconsider this condition in August 2016, arguing that he will be unable to pay the full restitution award in six months. The district court denied the motion in a minute order, stating that "[f]ailure to pay the entire balance does not mean that supervised release will be revoked." Shifrin timely appealed.

**II**

We generally review a district court order imposing a condition of supervised release for abuse of discretion. See Lonjose, 663 F.3d at 1302. However, if a defendant fails to object to a condition at the time it is announced, we review only for plain error. United States v. Mike, 632 F.3d 686, 691 (10th Cir. 2011). "To establish plain error, the defendant must show: (1) error, (2) that is plain, which (3) affects

2

substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 691-92 (quotation omitted).

In imposing restitution against a defendant, a district court is required to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). However, the court must also "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of . . . the financial resources and other assets of the defendant." § 3664(f)(2). If a defendant is ordered to pay restitution, he must "make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." § 3572(d)(1).

Based on the foregoing, the district court should have included an explicit payment schedule in its order revoking supervised release, which took into consideration Shifrin's financial resources and ability to immediately pay the amount due. The government points to a separate condition of supervised release, which requires that Shifrin "apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case." It contends that Shifrin's payment obligation while on supervised release applies only to these financial gains. But the order does not suggest that Shifrin's payment obligation is so limited; instead, this condition is separate and distinct from the schedule of payments.

3

Nevertheless, even assuming the district court committed plain error, we decline to exercise our discretion to correct it under the fourth prong of the plain-error test. See United States v. Turrietta, 696 F.3d 972, 984 (10th Cir. 2012). To satisfy the fourth prong, a defendant must show that an error was "particularly egregious," akin to a "miscarriage of justice," such that it will "seriously affect[] the fairness, integrity, or public reputation of the judicial proceedings." Id. (quotations omitted). Although the district court should have provided a schedule of payments properly reflecting Shifrin's financial resources, it explained to Shifrin, in response to the present motion, that "[f]ailure to pay the entire balance does not mean that supervised release will be revoked." Accordingly, it is highly unlikely that Shifrin will suffer any adverse consequence in the absence of an explicit schedule. Shifrin could appeal separately should such consequences eventually occur. See United States v. Morgan, 44 F. App'x 881, 887 (10th Cir. 2002) (unpublished).

### III

**AFFIRMED**. Shifrin's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4