**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ANGEL GONZALES,

Defendant - Appellant.

No. 20-1308
(D.C. No. 1:18-CR-00500-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Richard Angel Gonzales pleaded guilty to assault with a dangerous

weapon, and was sentenced by the district court to a term of imprisonment of 108

months.  Although the plea agreement contained an appellate waiver provision,

Gonzales' counsel nevertheless filed a notice of appeal.  The government responded

by moving to enforce the appellate waiver.  Gonzales' counsel has since filed a brief

in accordance with *Anders v. California*, 386 U.S. 738 (1967), and has also moved to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

withdraw. Exercising jurisdiction pursuant to 28 U.S.C. §1291, we grant the government's motion to enforce the appellate waiver, grant defense counsel's motion to withdraw, and dismiss the appeal.

I

Gonzales is a federal inmate confined at the United States Penitentiary in Florence, Colorado. On the morning of March 6, 2018, Gonzales approached another inmate from behind, while that inmate was seated at a desk, and began stabbing him with a homemade shank. Although prison staff quickly intervened and ordered Gonzales to stop, he refused to do so and instead continued stabbing the other inmate. Prison staff ultimately stopped the attack by using pepper spray on Gonzales. The inmate-victim was escorted to the prison's health department, where medical staff discovered lacerations to his scalp, neck, mid-back, and right forearm. Due to the serious nature of some of the wounds, the inmate-victim was transported to a local hospital for further treatment.

On October 24, 2018, a federal grand jury returned a three-count indictment charging Gonzales with one count of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), and one count of possession of contraband (i.e., the weapon used in the assault) in prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3).

On September 27, 2019, Gonzales and the government entered into a written plea agreement. Under the terms of the agreement, Gonzales agreed to plead guilty

to the assault with a dangerous weapon charge, and the government agreed to dismiss the remaining two counts of the indictment. The government also agreed that Gonzales should receive a two-level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The parties otherwise agreed that the district court was

> free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deem[ed] appropriate in the exercise of its discretion and that such sentence m[ight] be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

ROA, Vol. I at 74.

The plea agreement also contained an appellate waiver provision that stated, in pertinent part:

> Defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence or the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the Government in this agreement, Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 21; or (3) the Government appeals the sentence imposed. If any of these three criteria apply, Defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

*Id.* at 69-70.

On August 20, 2020, the district court sentenced Gonzales to a term of imprisonment of 108 months, to be served consecutively to the term of imprisonment

3

that Gonzales was already serving and consecutively to a 77-month sentence the district court imposed on Gonzales that same day in an unrelated case involving an assault on a federal officer. *Id*., Vol. 4 at 185. The 108-month sentence was below the advisory Guidelines sentencing range of 151 to 188 months.[1]

Final judgment was entered in the case on August 24, 2020. Gonzales filed a notice of appeal on September 1, 2020.

II

After Gonzales filed his notice of appeal, the government filed a motion to enforce the appellate waiver in the plea agreement. Gonzales' counsel responded by filing a combined *Anders* brief and motion to withdraw as attorney of record for Gonzales. Counsel states in the *Anders* brief that he "carefully examined the facts and matters contained in the record on appeal," "researched the law in connection therewith, and because of the appellate waiver contained in the Plea Agreement . . . , . . . concluded that the appeal presents no legally non-frivolous questions." Aplt. Br. at 1. Counsel further states that he advised Gonzales of his conclusion and that "Gonzales has identified as his issues on appeal the unreasonableness of the sentence imposed below and the failure of the district court to grant his motions regarding sentencing."[2] *Id*. at 2.

---

[1] As the district court noted at the time of sentencing, however, the combined sentences that were imposed on Gonzales that day fell within the advisory Guidelines sentencing range for both cases.

[2] The government has filed a motion to enforce the appellate waiver contained in the plea agreement, and has declined to file a response to the *Anders* brief.

4

In *Anders*, the Supreme Court held that "if counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. "The request must," the Court held, "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. When an *Anders* brief is filed, the court must conduct "a full examination of all the proceedings" and "decide whether the case is wholly frivolous." *Id*. "If it so finds it may grant counsel's request to withdraw and dismiss the appeal." *Id*.

Having examined the record on appeal, we agree with Gonzales' counsel that the viability of the sentencing issues identified by Gonzales hinge, at least as a threshold matter, on whether the appellate waiver in the plea agreement is valid and enforceable. "Whether a defendant's appellate waiver as set forth in a plea agreement is enforceable is a question of law we review *de novo*." *United States v. Lonjose*, 663 F.3d 1292, 1297 (10th Cir. 2011).

In determining whether to enforce an appellate waiver, we conduct a "three-prong analysis" and ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Applying that analysis to the case at hand, we conclude as an initial matter that the sentencing issues identified by Gonzales plainly fall within the scope of the

5

appellate waiver contained in his plea agreement. As noted, the appellate waiver precluded Gonzales from challenging his sentence on appeal, except in three narrow circumstances, none of which are present here.

We further conclude that Gonzales knowingly and voluntarily waived his appeal rights. The appellate waiver itself included language stating that "Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria . . . ." ROA, Vol. I at 69-70. The plea agreement also included language stating that "[i]n entering th[e] Plea Agreement," Gonzales "ha[d] [not] relied, or [wa]s [not] relying, on any terms, promises, conditions, or assurances not expressly stated in th[e] Plea Agreement." *Id*. at 75. Gonzales also signed and filed a written statement in advance of his guilty plea. That statement indicated, in pertinent part:

> I know that the terms of my plea agreement with the government contain a waiver of my right to appeal . . . the sentence. Specifically, I have agreed to waive my right to appeal . . . as stated in the plea agreement. Because of this, I know that I cannot seek appellate review of the sentence imposed by the Court in this case, except in the limited circumstances, if any, permitted by my plea agreement.

*Id*. at 81.

Further, at the change of plea hearing, the district court reviewed the terms of the plea agreement with Gonzales and, in particular, explained to Gonzales the meaning of the appellate waiver provision:

> Again you can't appeal unless one of three things happens. The three things that would permit you to appeal is if I gave you a sentence that was greater than that called for by the statute of conviction. In this case, you could appeal if I gave you a sentence that was greater than

6

Offense Level 21 . . . * * * And you could also appeal if the Government appeals.

Gov't Motion, Att. B at 35. Gonzales indicated that he understood this. *Id.* At the conclusion of the hearing, the district court found that Gonzales was "fully competent and capable of entering [an] informed plea[]," was "aware of the nature of the charges and the consequences of the plea[]," "that he . . . had the benefit of competent counsel," and that his plea was "knowing and voluntary." *Id.* at 37.

Finally, we conclude that enforcing the appellate waiver provision in the plea agreement will not result in a miscarriage of justice. We have held that enforcing an appellate waiver provision will result in a miscarriage of justice only in four situations: (1) where the district court relied on an impermissible factor such as race; (2) where ineffective assistance of counsel in connection with the negotiation of the appellate waiver renders the waiver invalid; (3) where the sentence exceeds the statutory maximum; or (4) where the appellate waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327. Gonzales' counsel does not attempt to invoke any of these exceptions, and our own independent review of the record does not reveal that any of these exceptions are applicable.[3]

---

[3] Gonzales' counsel, in his response to the government's motion to enforce the appellate waiver in the plea agreement, "ask[s] that any dismissal of this appeal be without prejudice to [Gonzales] asserting ineffective assistance of counsel [in connection with the negotiation of the appellate waiver] in a later §2255 motion." Resp. at 3. We shall grant that request in light of our precedent that generally forecloses consideration on direct appeal of claims of ineffective assistance of trial counsel. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant

We therefore conclude that the appellate waiver contained in the plea agreement is enforceable and precludes the sentencing issues identified in the *Anders* brief. We further conclude, after examining the record on appeal, that there are no other non-frivolous grounds on which Gonzales may appeal his conviction or sentence. *See Anders*, 386 U.S. at 744.

III

The government's motion to enforce the appellate waiver in the plea agreement is GRANTED. Gonzales' counsel's motion to withdraw is GRANTED and this appeal is DISMISSED. The dismissal is without prejudice to Gonzales filing a motion for relief under 28 U.S.C. § 2255 to raise a claim of ineffective assistance of counsel in connection with the negotiation of his plea agreement.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

seeks to invalidate an appellate waiver based on ineffective assistance of counsel."). In doing so, we note that the plea agreement expressly reserved Gonzales' right to seek collateral relief on the ground that he "was deprived of the effective assistance of counsel." ROA, Vol. I at 70.