**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO MORALES,

Defendant - Appellant.

No. 26-3014
(D.C. No. 6:91-CR-10038-EFM-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Lorenzo Morales-Arambula (Morales), proceeding pro se,[1] appeals the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct a clerical error in a judgment. He claims that the judgment entered in his 1994 District of Kansas criminal case incorrectly identifies his social security number.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Because Morales is pro se, we construe his pleadings liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Morales first sought to correct this alleged error in 2024 by filing a Rule 36 motion in the District of Kansas. In denying that motion, the district court pointed out that in 1999, it had transferred jurisdiction over Morales's probation to the Southern District of Illinois. And in the district court's view, "[a]ny claims for relief should [have] be[en] directed to th[at district]." R. vol. 1, 2. We affirmed on other grounds, explaining that "no evidence accompanied the motion to show the judgment had the incorrect social security number or to show the social security number provided in the motion [wa]s Morales's correct social security number."[2] *United States v. Morales*, No. 25-3036, 2025 WL 3267335, at *2 (10th Cir. Nov. 24, 2025) (unpublished).

Morales thereafter filed a new Rule 36 motion in the District of Kansas, this time attaching a document that appears to be a state-level, social-services record listing a social security number that differs from that on his 1994 judgment. The district court again declined to consider Morales's request, stating in a brief text order that "[n]othing ha[d] changed since" it denied Morales's original Rule 36 motion. R. vol. 1, 3.

But it's not clear what the district court meant when it concluded that nothing had changed. To the extent the district court was again suggesting that Morales

---

[2] We also explained that certain arguments Morales raised on appeal attacked the validity of the judgment and therefore were inappropriate for resolution under Rule 36. *See United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (holding that Rule 36 "does not give the court authority to substantively modify a [d]efendant's sentence").

should have filed his motion in the Southern District of Illinois, we are unaware of any authority permitting a sentencing court to deny a Rule 36 motion on that basis. *See Acardi v. Blackwell*, 412 F.2d 911, 913 (5th Cir. 1969) ("Correction of clerical errors . . . , which is provided for in [Rule] 36, is available only in the sentencing court."). And to the extent the district court concluded that Morales had again failed to provide support for his clerical-error argument, the district court was likewise incorrect: Morales's new filing does include at least some evidence of his purportedly correct social security number.

Rule 36 is an appropriate vehicle to correct a potential clerical error in the social security number identified on a judgment. After all, the "[r]ule allows correction of . . . non[]substantive errors." *United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011). As such, we reverse and remand for the district court to consider Morales's motion on the merits in the first instance. *See United States v. Morales*, 108 F.3d 1213, 1225 (10th Cir. 1997) (acknowledging authority to remand for potential Rule 36 error correction). We separately deny his improper motion for default judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge