**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEXANDER KANEHOALAN LOUIS, III,

    Defendant - Appellant.

No. 25-3180
(D.C. No. 6:18-CR-10140-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Alexander Kanehoalan Louis, III, pleaded guilty pursuant to a plea agreement to one count of possession of a firearm by a prohibited person, and one count of possession with intent to distribute a controlled substance. The district court sentenced him to 87 months in prison on each count to be served concurrently, followed by a term of supervised release on each count to be served concurrently.

After he was released from prison, Louis was subject to special conditions of supervised release. He subsequently admitted to violating two special conditions of supervised release. The district court revoked his supervised release and sentenced

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him to nine months in prison and another three-year term of supervised release. Louis seeks to appeal the sentence the court imposed upon revocation of his supervised release. His plea agreement contains an appeal waiver, which the government moves to enforce under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). We grant the motion and dismiss the appeal.

In determining whether to enforce an appeal waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government argues Louis's appeal is within the scope of the waiver, he knowingly and voluntarily waived his appeal rights, and enforcing the waiver would not result in a miscarriage of justice. Louis filed a response in opposition to the motion to enforce.

**Scope of the Waiver**

"When construing an appellate waiver, we apply well-established contract principles and examine the plain language of the plea agreement." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005) (internal quotation marks omitted). The appellate waiver in Louis's plea agreement states that he "waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, *as well as any sentence imposed upon a revocation of supervised release*." Mot. to Enforce, Attach. A. at 7 (emphasis added). By its plain terms, the appeal waiver in Louis's plea agreement includes an

2

appeal of a sentence the district court imposed upon revocation of supervised release. His appeal is therefore within the scope of his appeal waiver.

**Knowing and Voluntary**

When assessing whether an appeal waiver "is knowing and voluntary, we especially look to two factors":  (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy."  *Hahn*, 359 F.3d at 1325.  "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary.  But the synergistic effect of both will often be conclusive."  *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013).  "[T]he defendant . . . bears the burden of demonstrating his waiver was not knowing and voluntary."  *Id.* at 1233 (brackets and internal quotation marks omitted).

The plea agreement, which Louis signed, explicitly states that he "knowingly and voluntarily waive[d] any right to appeal . . . any sentence imposed upon a revocation of supervised release."  Mot. to Enforce, Attach. A at 7.  This language is sufficiently clear to conclude Louis's waiver was knowing and voluntary.

The district court also conducted an adequate Rule 11 plea colloquy.  Rule 11 states, "[b]efore the court accepts a plea of guilty or nolo contendere, . . . the court must address the defendant personally in open court" and "must inform the defendant of, and determine that the defendant understands, . . . the terms of any

3

plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). At the change-of-plea hearing, the following colloquy occurred about the waiver provision in the plea agreement (paragraph 10):

> THE COURT: I'm going to go now to paragraph 10, which explains that the law gives you a lot of rights to file appeals and challenges in a case like this. You can appeal the way this case was prosecuted against you and your conviction of it. You can appeal the sentence you receive and how that sentence was calculated. You can appeal the terms and conditions of supervision that will be placed upon you and any later violation of those terms and conditions you might be found to have committed. . . .
>
> But under paragraph 10, you're pretty much waiving all of those appeal rights. By and large, unless I were to give you a sentence longer than the top end of the recommended range under the guidelines, or unless the United States were to file its own appeal, other than that you're pretty much waiving any appeal rights you would otherwise have. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor, I do.
>
> THE COURT: And are you agreeing to do that?
>
> THE DEFENDANT: Yes, Your Honor.

Mot. to Enforce, Attach. B at 25-26.

Despite the plain language in his plea agreement that he was waiving the right to appeal any sentence imposed upon revocation of supervised release and his affirmation to the judge during the plea colloquy that he understood his appeal waiver, Louis now contends that there was confusion about the waiver. This is so, he argues because "both the plea agreement and the district court made a mess of articulating how a revocation of [his] supervised release would affect his sentence." Resp. at 18. He suggests that a sentence imposed upon revocation would alter his

4

original sentence, and could lead to an increase outside his original Sentencing Guidelines range, which "would imply that he would have a right to appeal." *Id.* at 19. He therefore asserts "[b]oth the colloquy and the underlying plea agreement were confusing about the circumstances in a revocation that would qualify for an appeal." *Id.*

But the premise underlying Louis's argument is incorrect because a sentence imposed upon revocation does not alter or affect his original sentence. A sentence imposed upon revocation is a new sentence with a new right of appeal, which is why we have required specific language in the plea agreement to waive a right to appeal a sentence imposed upon revocation. *See United States v. Porter*, 905 F.3d 1175, 1180 (10th Cir. 2018) (explaining that a "revocation of supervised release . . . includ[es] the separate right to appeal from the revocation sentence" and agreeing with other circuits that have "decided that an appellate waiver in an original plea agreement does not extend to the right to appeal from a revocation of supervised release or the sentence entered upon such revocation absent specific language to that effect"). There is no ambiguity in Louis's plea agreement about the circumstances that might qualify for an appeal in a revocation proceeding. His appeal waiver contains specific language that he is knowingly and voluntarily waiving "any right to appeal . . . any sentence imposed upon a revocation of supervised release." Mot. to Enforce, Attach. A at 7.

Louis has failed to carry his burden of showing that he did not knowingly and voluntarily waive his right to appeal a sentence imposed upon a revocation of supervised release.

**Miscarriage of Justice**

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327. Those four situations are: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id*. (brackets in original) (internal quotation marks omitted).

Louis argues that his waiver is otherwise unlawful because "[h]e could not make a knowing and intelligent assessment with regard to waiver of his later sentence at [his] revocation hearing, because the court had no way of telling him what the charges might be or what the consequences of a conviction on those charges might bring." Resp. at 21-22. But "in the context of an appeal waiver we have rejected the notion 'that a defendant must know with specificity the result he forfeits before his waiver is valid.'" *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (quoting *Hahn*, 359 F.3d at 1327). We have recognized that "where a plea agreement includes more precise language describing the rights waived by the defendant," a waiver can extend beyond a direct appeal from a conviction and can encompass post-conviction proceedings. *United States v. Lonjose*, 663 F.3d 1292, 1300 n.9

6

(10th Cir. 2011).  And, we have specifically stated that parties may "include sentences upon revocations within the scope of the [appeal] waiver."  *Porter*, 905 F.3d at 1180.  Finally, we have enforced the same type of waiver at issue here in at least four other cases.  *See United States v. Gordon*, 740 F. App'x 647, 648-49 (10th Cir. 2018); *United States v. Phillips*, 831 F. App'x 921, 921-22 (10th Cir. 2020); *United States v. Draper*, 836 F. App'x 711, 713-15 (10th Cir. 2020); *United States v. Ivory*, No. 21-3028, 2022 WL 2301640, at *2-4 (10th Cir. June 27, 2022).  Louis knowingly waived his right to appeal any sentence imposed upon the revocation of his supervised release and he has failed to show that enforcing his appeal waiver will result in a miscarriage of justice.

We conclude Louis's appeal is within the scope of his appeal waiver, his waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice.  Accordingly, we grant the government's motion to enforce the appeal waiver (Dkt. No. 18) and dismiss this appeal.  We deny counsel's motion to withdraw (Dkt. No. 27).[1]

Entered for the Court

Per Curiam

---

[1] Prior to filing a response to the government's motion to enforce, counsel filed a merits brief invoking *Anders v. California*, 386 U.S. 738 (1967), and a companion motion to withdraw based on *Anders*.  Because we are not resolving this appeal on the merits, and counsel filed a substantive response to the motion to enforce that did not invoke *Anders*, it is not appropriate to grant counsel's motion to withdraw based on *Anders*.